PEARSE ET AL. *v.* WELBORN ET AL.

PROMISSORY NOTE.—*Individual Signature.—Note of Corporation.*—A promissory note was executed in these words:

"$ 1,000.                              MT. VERNON, IND., May 2d, 1868.

"Two years after date, we, the undersigned, worshipful master and wardens of Mt. Vernon Lodge, No. 163, F. & A. M., and trustees of said lodge, for its use, promise to pay to the order," etc.

[SIGNED.]                      "JOHN CONYNGTON, W. M.
                               "S. H. PEARSE, S. W.
                               "EDWARD BROWN, J. W.
                               "G. W. THOMAS,   }
                               "M. W. PEARSE,   }  Trustees."

*Held,* that this was the note of the lodge, and the makers were not personally liable thereon.

APPEAL from the Posey Circuit Court.

BUSKIRK, J.—This is an action by the appellees, as indorsees of the payee, upon the following instrument:

"$ 1,000.                      MT. VERNON, IND., May 2d, 1868.

"Two years after date, we, the undersigned, worshipful master and wardens of Mt. Vernon Lodge, No. 163, F. & A. M., and trustees of said lodge, for its use, promise to pay to the order of Martha A. McDaniel the sum of one thousand dollars for value received, with ten per cent. interest from date, payable semi-annually, without relief from valuation or appraisement laws.

[SIGNED.]                      "JOHN CONYNGTON, W. M.
                               "S. H. PEARSE, S. W.
                               "EDWARD BROWN, J. W.
                               "G. W. THOMAS,   }
                               "M. W. PEARSE,   }  Trustees."

It is alleged that John Conyngton, Simeon H. Pearse, Edward Brown, George W. Thomas, and Milton W. Pearse subscribed their names to said note, and that the remaining defendants, John A. Mauer, Merritt A. Wier, and William M. McArthur, at the same time, and before the same was delivered to the payee, indorsed the same.

Separate demurrers to the complaint were filed by Simeon H. Pearse, Edward Brown, and Milton W. Pearse, on the

ground that it did not state facts sufficient to constitute a cause of action. The demurrers were overruled, and the defendants excepted.

These defendants then answered separately, and also jointly, setting up that they signed the note as officers of Mt. Vernon Lodge, No. 163, of Free and Accepted Masons; that said lodge was a corporation; that at the time of signing the note the said John Conyngton was the worshipful master, Simeon H. Pearse and Edward Brown were the wardens, and said Milton W. Pearse was one of the trustees of said lodge, duly elected and installed as such officers; that the said note was given to the said Martha A. McDaniel for one thousand dollars borrowed by said lodge of her, and that she took and accepted the note, understanding it to be the note of said lodge, and not the note of the defendants, etc. They also allege that no part of said sum of one thousand dollars ever came to the hands of these defendants, but was paid by said Martha A. McDaniel into the treasury of said lodge, and was by said lodge used in the erection of a building for lodge purposes, etc. But they aver that by accident and mistake the said note was drawn as the note of these defendants and said Thomas and Conyngton, when, in truth and in fact, it was the intention of all the parties to make it the note of said lodge, and not the note of the defendants; that since the execution of said note the said lodge and said Martha A. McDaniel have always treated the note as the note of said lodge, and that said lodge has paid thereon a large sum, to wit, three hundred dollars, received by the payee from the treasurer of said lodge and credited on the back of the note. Among other relief, they pray that the said note may be reformed and treated as the note of the lodge, and not as the note of the defendants, etc.

Demurrers to the paragraphs of the answer, on the ground that they did not state facts sufficient to constitute a good defence to the action, were sustained, and the defendants excepted. Thomas made default. Conyngton and Wier

were not found. Judgment was rendered against Thomas, Simeon H. Pearse, Brown, and Milton W. Pearse. What became of the other defendants, who were served with process, is not shown.

All the judgment defendants join in the assignment of errors, alleging that the court erred in overruling the demurrers to the complaint, and in sustaining those to the answer.

These questions arise in the case: 1. Are the appellants liable on the note as the same appears upon its face? 2. If they are, can they be permitted to show, and have they shown, in their answers, that the note ought to be reformed, so that the lodge will be liable, and they will not be liable, thereon?

We are very clearly of opinion that the note in suit is the note of the lodge, and that the makers and endorsers are not personally liable thereon. This is settled by repeated decisions in this State. The case of *Means* v. *Swormstedt*, 32 Ind. 87, is directly in point, and is decisive of this case. That was an action upon the following note:

"$483.00.                    MADISON, IND., March 18th, 1868.

"Ninety days after date, we promise to pay to the order of Means, Kyle & Co., four hundred and eighty-three dollars, without any relief from valuation or appraisement laws. Value received. Payable at the National Branch Bank, Madison, Ind.

"WM. B. SWORMSTEDT, Sec'y."

On the lower left hand corner was an impression of a seal, embossed upon the paper of the note, bearing the words, "Neal Manufacturing Company, Madison, Ind."

The court held that the note was the note of the company, and RAY, J., in delivering the opinion of the court, said:

"In *Hovey* v. *Magill*, 2 Conn. 680, where the defendant, being the agent of a corporation, gave a note, 'I promise,' etc., and signed it, 'A. B., agent of —— Company,' SWIFT, C. J., said, 'when an agent, duly authorized, subscribes an

engagement, in such manner as to manifest an intent not to bind himself, but to bind the principal ; and when, by his subscription, he has actually bound the principal; then it is clear, that the contract cannot be binding on him personally. It will be agreed that no precise form of words is required to be used in the signature ; that every word must have an effect, if possible ; and that the intention must be collected from the whole instrument taken together. Who can entertain a doubt, upon reading the note in question, that it was the intent of the defendant to bind the company, and not himself?'

" And is not the intent equally clear in this case ? We know that to hold the letters ' Sec'y ' as intended to be ' a description of the person' would be simply a legal fiction, false in fact. It would simply amount to rejecting the words as surplusage. But this cannot be done, if effect can be given to them upon the face of the paper itself. Most certainly it should never be done against the plain intent of the party who adds the letters to his name for an evident purpose, where that purpose can be collected from the entire instrument, and does not render the paper itself a nullity."

In the case under consideration, the makers of the note not only added to their names letters which indicated the offices they held, and the characters in which they acted, but in the body of the note the promise is made by them as master, wardens, and trustees of said lodge.

We think the court erred in overruling the demurrer to the complaint.

The conclusion reached renders it unnecessary for us to decide any other question in the case.

The judgment is reversed, with costs, with directions to the court below to grant a new trial and sustain the demurrer to the complaint.

*J. & H. C. Pitcher, M. W. Pearse,* and *Hovey & Menzies,* for appellants.

*E. M. Spencer,* and *W. Loudon,* for appellees.