## HAYS ET AL. *v.* CRUTCHER.

PROMISSORY NOTE.—*Principal and Agent.—Agent's Contract.—Signature.*—A promissory note in the usual form "we promise to pay", etc., executed by the makers thereof in their individual names, with the addition thereto of "trustees of the", etc., "church of", etc., is the note of said makers, personally, and not of such church.

SAME.—*Parties.*—An action upon a promissory note in the usual form "we promise to pay", etc., executed by the makers in their individual names, with the addition of the phrase "trustees of the", etc., "church of", etc., was properly brought and judgment therein properly rendered, jointly, against the surviving makers thereof and the administrator of the estate of a deceased maker.

From the Kosciusko Circuit Court.

*C. Clemans, H. Biggs* and *J. H. Taylor,* for appellants.
*E. Haymond,* for appellee.

WORDEN, C. J.—Action by the appellee, Crutcher, against William Hays, Samuel Galbreath and Joseph H. Taylor, administrator of the estate of George W. Ryerson, deceased, upon the following promissory note, viz.:
"$1,000.                    "PIERCETON, December 22d, 1870.

"Three months after date, we promise to pay to the order of Thomas Crutcher, one thousand dollars, payable at ——, value received, without any relief from valuation or appraisement laws, with interest at ten per cent. per annum after due.

(Signed,)                    "DR. WM. HAYS,

"G. W. RYERSON,

"S. GALBREATH,

"Trustees of the First Universalist Church of Pierceton."

Judgment for plaintiff against Hays and Galbreath, and an order for the allowance of the claim against the estate of Ryerson.

The only question legitimately presented here is, whether the complaint stated a good cause of action in favor of the plaintiff, against the defendants.

The note, it is claimed by the appellants, was the note of the church, and not that of the appellants, and hence they were not personally liable upon it. The note does not purport to bind the church, or to be the contract of the church, but that of the parties who signed it. The signers did not promise for or on behalf of the church, to pay, but as individuals, for and on behalf of themselves. The language is, "we promise," etc. They described themselves as trustees, etc., but that, we think, must be regarded merely as a description of their persons.

Thus, in *Kenyon* v. *Williams*, 19 Ind. 44, one S. N. Chappel was the agent of a firm doing business under the name and style of "Farmers' Union Store." He executed a note, signing it "S. N. Chappel, Agt." It was held that the note purported to bind no one but Chappel, and that the addition of "Agt." appended to his signature, did not vary its legal effect.

The case of *Kendall* v. *Morton*, 21 Ind. 205, is in point. There, the following note was executed:

"$25.00.                CAMBRIDGE CITY, July 1st, 1860.

"Six months after date, we, the subscribers, of Cambridge City, county of Wayne, and state of Indiana, promise to pay to the order of Benj. Conklin, twenty-five dollars, without any relief from valuation or appraisement laws, value received, on behalf of *Cambridge City Greys.*

(Signed,)                "JAMES M. COCKEFAIR.
                         "REESE KENDALL.
                         "DAVID CONKLIN, Sect.

It was held that the note purported to bind the parties signing it, as makers, and that they were liable as such.

The case of *Means* v. *Swormstedt*, 32 Ind. 87, has been cited by counsel for the appellant. There, the following note was made:

"$483.00.            MADISON, IND., March 18th, 1868.

"Ninety days after date, we promise to pay to the order of Means, Kyle & Co., four hundred and eighty-three dollars, without any relief from valuation or appraisement laws. Value received. Payable at the Nat'l Branch Bank, Madison, Ind.

(Signed,)                "WM. B. SWORMSTEDT,
                                    "Sec'y."

On the lower left hand corner of the note was an impression of a seal, embossed upon the paper of the note, bearing the words, "Neal Manufacturing Co., Madison, Ind." This was held to be the note of the corporation and not of Swormstedt. Stress, however, was laid upon the fact that the note bore the seal of the corporation. The court said, "the seal of the company is in the hands of the secretary; it is his duty to affix it to papers executed by the corporation. The presumption is, then, that he did, after signing his name and adding his office, affix the seal of the corporation, which, containing upon its face the proper designation of the corporation, was a signing of their name."

That case is so clearly distinguishable from the one here, that it can not be regarded as at all in point. Here, there was no seal of the corporation or anything else indicating that the signers intended to bind the church and not themselves, except merely their designation as trustees.

The surviving makers of the note and the administrator of the deceased maker were properly joined in the action, and the claim was properly allowed against the estate of the deceased maker. *Braxton* v. *The State, ex rel.,* etc., 25 Ind. 82.

There is no error in the record.

The judgment below is affirmed, with costs and five per cent. damages.

### On petition for a rehearing.

WORDEN, C. J.—The appellants have filed a petition for a rehearing in this case, and insist that the note is the note of the church, and not that of the persons who signed it.

Upon again looking into the case, we are satisfied with the conclusion heretofore reached. . The note, it will be seen, does not promise for or on behalf of the church, but its language is, "we promise," etc. In this, it is distinguished from the case of *Pearse* v. *Welborn,* 42 Ind. 331. In that case, the court said, "in the case under consideration, the makers of the note not only added to their names letters which indicated the offices they held, and the characters in which they acted, but in the body of the note the promise is made by them as master, wardens, and trustees of said lodge."

The case of *Sturdivant* v. *Hull,* 59 Me. 172, S. C. 8 Am. Rep. 409, is exactly in point here. There, the note was in the following form, viz.:

"$225.00.            PORTLAND, December 20th, 1869.

"Four months after date, I promise to pay to the order of Sturdivant & Co., two hundred and twenty-five dollars.

Payable at either bank in Portland, with interest. Value received.

(Signed,)          "JOHN T. HULL,
["U. S. I. R. Stamp.]     "Treas. St. Paul's Parish."
   25 cents."     ]

This was held, upon an examination of the authorities, to be the note of Hull, and not that of the parish. The court said, amongst other things, "apparently slight changes in the phraseology have affected the construction adopted by different courts, and by the same court in different cases. There is a necessity for a careful examination and comparison of the numerous decisions. This we have endeavored to make, and the result is, we are satisfied that the weight of reason and authority demonstrates that this is the personal contract of the defendant and not that of the parish of which he was treasurer.

"There are no appropriate words in it to show that it was the contract of the parish, or that it was made by the defendant in its behalf. He does not say that he promises as treasurer, or use any language significative of an intention to bind his successors in office as in *Barlow* v. *Cong. Soc. in Lee;* in which case *Mann* v. *Chandler*, a *per curiam* opinion reported 9 Mass. 335, is disavowed as an authority, and it is said that ' all the decisions of this court upon unsealed instruments, since the case of *Mann* v. *Chandler,* have required something more than a mere description of the general relation between the agent and the principal, in order to make them the contracts of the latter.' * * * In *Haverhill M. F. Ins. Co.* v. *Newhall,* 1 Allen, 130, upon a note signed, ' Cheever Newhall, president of the Dorchester Avenue Railroad Company,' though it was agreed that the defendant, at the time of signing the note, was the president of said company; that it was given in consideration of a policy of insurance issued by the plaintiffs to that company, upon property owned by them, and that the defendant was duly authorized by the company to obtain the insurance and sign the note, it was held that

the form of the note only was to be looked at upon the question of charging the defendant; that he had fixed a personal liability upon himself by the use of the words, 'I promise to pay,' and that this liability was not affected by the descriptive addition to his signature."

In *Fiske* v. *Eldridge*, 12 Gray, 474, a note was made in the following form:

"BOSTON, July 1st, 1855.                                            $522.25.

"One year after date I promise to pay to the order of myself five hundred and twenty-two $\frac{25}{100}$ dollars, value received.                    (Signed)

> "JOHN S. ELDRIDGE,
> "Trustee of Sullivan Railroad.

"Indorsed,                    "JOHN S. ELDRIDGE,
> "Trustee."

It was held that the note bound Eldridge personally.

In *Tucker Manufacturing Company* v. *Fairbanks*, 98 Mass. 101, a bill was drawn in the following form, viz.:

"BOSTON, March 23d, 1866.                            $4,469.76.

"Two months after date pay to the order of Messrs. Hiram Tucker & Co. four thousand four hundred and sixty-nine $\frac{76}{100}$ dollars, value received, and charge the same to account of

> "DAVID FAIRBANKS & CO.,
> "Ag'ts Piscataqua F. & M. Ins. Co.

"To Piscataqua F. & M. Ins. Co., So. Berwick, Me."

This was held to bind Fairbanks & Co. personally, as drawers, though it was signed as above shown.

The court said, amongst other things, "In order to exempt an agent from liability upon an instrument executed by him within the scope of his agency, he must not only name his principal, but he must express by some form of words that the writing is the act of the principal, though done by the hand of the agent. * * * But a mere description of the general relation or office which the person signing the paper holds to another person or to a corporation, without indicating that the particular sig-

nature is made in the execution of the office and agency, is not sufficient to charge the principal or to exempt the agent from personal liability."

In *Hills* v. *Bannister*, 8 Cow. 31, a note was executed by the defendants, who signed the same with the addition, "Trustees of Union Religious Society," which was a corporation. The defendants were held personally liable.

In *De Witt* v. *Walton*, 9 N. Y. 571, Walton was sued as the proprietor of a newspaper called "The Churchman," upon the following note, viz:

"$324 $\frac{59}{100}$.                    NEW YORK, June 20th, 1850.

"Four months after date I promise to pay to the order of W. H. B. Smith, three hundred and twenty-four $\frac{59}{100}$ dollars, value received.

> (Signed)     "DAVID HUBBELL HOYT,
> "Agent for The Churchman."

It was held that the defendant was not liable on the note, but that Hoyt was. The court said, "here the promise is not by the defendant or 'The Churchman,' nor by Hoyt for them or either of them, or in their behalf, but for himself. The formula used by him in the signature to the note in controversy has been determined in this and other states to create an obligation on the part of the agent personally, and not in behalf of the principal. * * * I can see no good reason for relaxing the principle of these decisions."

Cases of like import might be cited almost indefinitely. We shall not, however, pursue them further. We are referred to the case of *Carpenter* v. *Farnsworth*, 106 Mass. 561, S. C. 8 Am. Rep. 360. In that case, a bank check was drawn as follows:

"ÆTNA MILLS.                    THE BOSTON NATIONAL BANK.

"$19.20.                    BOSTON, September 9th, 1869.

"Pay L. W. Chamberlain or J. E. Carpenter, or order, nineteen dollars $\frac{20}{100}$.

> (Signed)     "I. D. FARNSWORTH,
> "Treasurer."

This was held to be the check of the "Ætna Mills," and not of Farnsworth personally. The court said, "we are of opinion that this case does not fall within that class, to which all those cited by the plaintiff belong, in which the name of the principal appears upon the instrument by way of mere designation of the general relation which the signer holds to a corporation; and that this check manifests upon its face that the writing is the act of the principal, though done by the hand of an agent, or, in other words, that it is the check of the Ætna Mills, executed by Farnsworth as their treasurer and in their behalf." The case does not pretend to overrule or even modify the previous cases decided in that state, some of which we have noticed above. It simply decides that the check manifested upon its face that it was the act of the act of the principal, and not that of the agent.

There is nothing whatever on the face of the note in question here, manifesting that the note was the act of the church, and not that of the parties signing it. There is nothing on the face of the note more than a mere designation of the general relation which those who signed it bore to the church.

As to endorsements of notes by and to cashiers of banks, see *The Bank of the State* v. *Wheeler*, 21 Ind. 90; *Houghton* v. *Ths First National Bank of Elkhorn*, 26 Wis. 663, S. C. 7 Am. Rep. 107.

The petition for a rehearing is overruled.