### AIMEN ET AL. *v.* HARDIN.

TURNPIKE.—*Action Against Directors Individually.*—*Promissory Note.*—*Estoppel.*—*Pleading.*—In an action against the directors of a turnpike company individually, under section 25 of the act of May 12th, 1852, 1 R. S. 1876, p. 654, the complaint alleged that the defendants had executed a promissory note, in which, as "directors of" such "turnpike company," they

promised to pay a certain sum, signing themselves "directors;" that judgment thereon had been recovered against the company; that said company had no property out of which the same could be made; and that, at the time of executing such note, the company had no solvent stock.

*Held,* on demurrer, that the complaint is sufficient.

*Held,* that such note, by its terms, is the note of the company, and not of the directors individually.

*Held,* also, that the action of the plaintiff, by recovering judgment on the note against the company, is estopped from claiming the note to be that of the directors individually.

SAME.—*Evidence.*—In such action the plaintiff must, to entitle him to recover, show by his evidence, that, at the time the debt was contracted, it exceeded the solvent stock of the company.

From the Madison Circuit Court.

*J. W. Sansberry* and *E. B. Goodykoontz,* for appellants.
*J. T. Smith* and *H. D. Thompson,* for appellee.

WORDEN, J.—Action by the appellee, against the appellants.

Demurrer to the complaint, for want of sufficient facts, overruled, and exception.

Issue; trial by the court; finding and judgment for the plaintiff. New trial denied, and exception.

The complaint was in two paragraphs. The first alleged that the defendants executed to the plaintiff the following promissory note:

"$600.                                July 19th, 1867.

"Nine months after date, the directors of the Huntsville Turnpike Company promise to pay Lucinda Hardin, or order, the sum of six hundred dollars, for value received, waiving the benefits of the valuation or appraisement laws, with ten per cent. interest from date.

"G. N. DAVIDSON, ⎫<br>
(Signed,)      "B. F. AIMEN,    ⎬ Directors."<br>
"J. A. ANDERSON, ⎭

That some payments had been made upon the note, and that the plaintiff had obtained judgment for the residue against the Huntsville Turnpike Company, and had caused an execution to be issued upon the judgment,

which had been returned by the sheriff of said county unsatisfied, and endorsed, "No property found on which to levy this writ, or any part thereof;" that said turnpike company has no property of any kind, out of which she can collect her said judgment, or any part of it; and she further avers, that, at the time of executing said note, said company had no solvent stock out of which to pay said debt so contracted.

The second paragraph was much like the first. It alleged the recovery of the judgment against the company for the amount due upon the note, the issuing of an execution thereon and the return of the same, as in the first paragraph, and it contained the same allegation as to want of "solvent stock" at the time of the execution of the note.

The action was evidently based upon section 25 of the " act authorizing the construction of plank," etc., roads, 1 R. S. 1876, pp. 654, 662, which reads as follows :

" The directors of any company that may be formed under the provisions of this act, shall be liable in their individual property for any debt they may contract in the name of the company, over and above the solvent stock of such company."

It is claimed that the complaint was bad because it did not aver that the defendants were directors of the company at the time the debt in question was contracted. This, doubtless, should be shown by the complaint; but it seems to us to have been sufficiently shown. The note executed by the defendants purports to have been executed by them as directors of the company. This shows sufficiently that they were then directors. It will not be presumed, in the absence of any averment or showing to that effect, that the debt was contracted previous to the execution of the note.

The objection to the complaint is not well taken.

But the motion for a new trial should have prevailed.

It devolved upon the plaintiff to show, in order to hold

the defendants personally liable, that, at the time the debt was contracted, it exceeded " the solvent stock of the company."

There was no evidence on this point given by the plaintiff; but, on the contrary, it was proved, on the part of the defendants, that, at the time of the execution of the note, the company owed no other debts, and that at that time " there was seventeen hundred and fifty dollars of solvent stock unpaid."

It is claimed, however, by the appellee, that the defendants are personally liable upon the note, as the makers thereof, without reference to the statute above set out.

The note would seem to have been the note of the company, and not that of the directors who signed it. The promise was made by them as directors of the company, and not as individuals. *Pearse* v. *Welborn*, 42 Ind. 331. See, also, *Hays* v. *Crutcher*, 54 Ind. 260. But, if the point were doubtful, the plaintiff herself has put a practical construction upon the note, by treating it as the obligation of the corporation, and not that of the individuals who signed it as directors. She has sued the corporation upon it, and obtained judgment. It is said, in a late work by a well-known legal writer, that, " In a doubtful case, the interpretation which the parties themselves have, by their conduct, practically given their contract, will prevail." Bishop Con., sec. 598.

In the case of *Chicago* v. *Sheldon*, 9 Wal. 50, 54, it was said by Mr. Justice NELSON, that, " In cases where the language used by the parties to the contract is indefinite or ambiguous, and, hence, of doubtful construction, the practical interpretation by the parties themselves is entitled to great, if not controlling, influence." *Morris* v. *Thomas*, 57 Ind. 316.

We need not decide whether the plaintiff would be absolutely estopped to claim that the note was the obligation of the individuals who executed it as directors, she having sued upon it as the obligation of the company,

and recovered judgment; but we think it clear, that, under the circumstances, the note should be regarded as the obligation of the company, and not of the individuals who signed it. This accords with the reasonable construction of the instrument itself, and the interpretation put upon it by the plaintiff.

The judgment below is reversed, with costs, and the cause remanded for a new trial.