Johnson v. Gibson.

No. 8339.

## JOHNSON v. GIBSON.

MORTGAGE.—*Contract.—Construction.—Corporation.*—A mortgage executed by G., describing himself as president of a turnpike corporation, mortgaging the road of the corporation, and containing a covenant to pay the sum secured, which was, in fact, given to secure a loan to the corporation, and was given and accepted as the instrument of the corporation, will, *it seems*, be so held, and not the instrument of the person whose name it bears.

SAME.—After the mortgagee had, in a suit against the corporation, obtained against it a foreclosure and personal judgment for the debt, he will be bound by the construction which he has thus placed upon the instrument.

SAME.—*Pleading.—Corporation.*—An answer in such case, which shows the use of a name importing a corporation, the exercise of corporate franchises, a dealing with it by the plaintiff as such, that he was an officer of it, and obtained a judgment against it, sufficiently shows the existence of the corporation, without a direct averment that it was a corporation.

From the Shelby Circuit Court.

*J. B. McFadden, J. W. Tomlinson* and *E. S. Stilwell,* for appellant.

*A. Major* and *S. Major,* for appellee.

ELLIOTT, C. J.—Appellant sued the appellee upon a mortgage reading as follows:

" I, Cartaline N. Gibson (President of the Brandywine, Boggstown and Sugar Creek Extension Turnpike Company), of Shelby county, State of Indiana, mortgage and warrant to Eli Johnson the following real estate situate in Shelby county, Indiana, to wit: Brandywine, Boggstown and Sugar Creek Extension Turnpike Road, to secure the payment of $672.62, due June 1st, 1872, interest at 10 per cent., payable quarterly, and the mortgagor expressly agrees to pay the sum of money above named without relief from valuation laws. In witness whereof, the mortgagor has hereto set his hand and seal this 26th day of December, 1870.

(Signed)                                    " C. N. GIBSON,
President Brandywine, Boggstown and Sugar Creek Extension Turnpike Co."

Appellee's answer alleges that the mortgage was executed for money borrowed by, and applied to the use of, the turnpike company; that appellant was a director of said company and well knew for what purpose the money was borrowed and used; that the mortgage was executed by the appellee as the president of said company, and in the company's behalf; that it was taken by the appellant, not as the mortgage of the appellee, but as that of the turnpike company; that the money obtained upon the mortgage was paid by appellant to the treasurer of said company, and was used in the construction of the company's road. It is also alleged that the appellant instituted an action upon the said mortgage against the Brandywine and Boggstown Extension Turnpike Company, as the maker of said mortgage, obtained a decree for the sale of the road therein described to satisfy the sum of $728.67, principal and interest due upon the said mortgage; that the appellant also recovered a personal judgment in said action against the corporation for the said sum, and that the judgment and decree are in full force.

Appellant demurred to this answer, the court overruled the demurrer, appellant elected to stand upon his demurrer, and the court gave judgment for the appellee. From this judgment appellant appeals.

Appellant insists that the mortgage created a personal liability against the appellee, and cites, as sustaining his proposition, the following cases: *Hays* v. *Crutcher*, 54 Ind. 260; *Aimen* v. *Hardin*, 60 Ind. 119; *Pearse* v. *Welborn*, 42 Ind. 331. Appellee contends that the mortgage is that of the corporation, and that no cause of action is, therefore, shown against him upon the promise contained in the mortgage. Counsel cite, as supporting his contention, *Pitman* v. *Kintner*, 5 Blackf. 250 (33 Am. Dec. 459); *Mackenzie* v. *The Board, etc.*, 72 Ind. 189; *Gaff* v. *Theis*, 33 Ind. 307; *Pearse* v. *Welborn, supra;* *Means* v. *Swormstedt*, 32 Ind. 87. We do not, however, feel called upon to decide whether the mortgage, considered apart from all the other circumstances, is that of the corporation, or that of

the appellee individually. The case comes to us upon the answer, and upon the answer we decide it. The answer states a complete defence. It clearly shows that the mortgage was executed as the mortgage of the corporation, upon property which the corporation owned; that it was accepted as the mortgage of the corporation; that appellant paid the money to a corporate officer; that it was used with his knowledge for corporate purposes; that, with full knowledge of all the facts he sought and obtained against the corporation, not merely a decree of foreclosure, but also a personal judgment upon the promise embodied in the mortgage. The appellant has, in the clearest and most emphatic manner, given a construction to the contract. He can not "blow both hot and cold with reference to the same transaction." The case falls within the rule sanctioned in *Aimen* v. *Hardin*, 60 Ind. 119. It was there said by WORDEN, J : "The note would seem to have been the note of the company, and not that of the directors who signed it. The promise was made by them as directors of the company, and not as individuals. *Pearse* v. *Welborn*, 42 Ind. 331. See, also, *Hays* v. *Crutcher*, 54 Ind. 260. But, if the point were doubtful, the plaintiff herself has put a practical construction upon the note, by treating it as the obligation of the corporation, and not that of the individuals who signed it as directors. She has sued the corporation upon it, and obtained judgment. It is said, in a late work by a well-known legal writer, that, 'In a doubtful case, the interpretation which the parties themselves have, by their conduct, practically given their contract will prevail.' Bishop Con., section 598." The doctrine declared in the case from which we have quoted is one often declared and enforced. *Morris* v. *Thomas*, 57 Ind. 316; *Bell's Adm'x* v. *Golding*, 27 Ind. 173; *Crabb* v. *Atwood*, 10 Ind. 322; *Chicago* v. *Sheldon*, 9 Wal. 50.

In the mortgage on which appellant's case is founded, there is but one mortgagor and one promise. In the most solemn manner known to the law, he has obtained a judgment that the mortgage is that of the corporation, and he ought not now

to be allowed to insist upon a different construction of the contract. The construction which the court gave the contract at his solicitation was that which he had himself given it, and he is not in a situation to aver that it was not the correct one.

It is urged in a supplemental brief filed by the appellant, that the answer does not show that there was any such corporation as the Brandywine, Boggstown and Sugar Creek Extension Turnpike Company. This question is really disposed of by what has already been said. The appellant has recognized the existence of the corporation and has treated it as having executed the very contract upon which he now sues, and can not now deny its existence. *Baker* v. *Neff*, 73 Ind. 68. But, more than this, the answer shows the use of a corporate name, the existence of corporate organization, and the exercise of corporate functions in which the appellant as a corporate officer participated. This abundantly shows corporate existence. Indeed, the rule is that where the pleading shows the name to be such as imports a corporation, it will be sufficient. *Indianapolis Sun Co.* v. *Horrell*, 53 Ind. 527 ; *Mackenzie* v. *The Board, etc.*, 72 Ind. 189.

Judgment affirmed.