# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1884, IN THE SIXTY-EIGHTH YEAR OF THE STATE.

---

No. 11,483.

## VINTON v. BALDWIN.

SPECIAL VERDICT.—*Judgment.*—A plaintiff is not entitled to judgment on a special verdict which does not find all the facts which it was necessary he should prove.

SAME.—*New Trial.—Practice.*—Where a special verdict fails to find the facts which were established by the evidence, a motion for a new trial is the proper remedy.

CONTRACT.—*Broker.—Lien.—Loan Agent.*—One employed to obtain a loan upon a commission has a lien on the fund for his fees, and may retain them.

SAME.—*Construction.*—Where the terms of a contract are of doubtful inport, the construction which the parties placed upon it by their acts will prevail.

SAME.—*Performance.—Excuse for Non-Performance.*—Where one party to a contract notifies the other that he will not perform it, performance by the other is unnecessary.

From the Montgomery Circuit Court.

*B. T. Ristine, T. H. Ristine, H. H. Ristine, P. S. Kennedy* and *S. C. Kennedy,* for appellant.

*M. Thompson, W. B. Herod, W. H. Thompson* and *A. D. Thomas,* for appellee.

VOL. 95.—28

ELLIOTT, C. J.—The appellant is not entitled to a judgment upon the special verdict, for the reason that it does not state all the facts essential to a recovery. It is well settled that a party who has the burden of proof can not recover upon a special verdict or special finding, unless all facts essential to a recovery are found in his favor. Our cases are all to the effect that if the finding or verdict is silent upon a material point, it is deemed to be against the party who has the burden of proof. *Stropes* v. *Board, etc.*, 72 Ind. 42; *Ex Parte Walls*, 73 Ind. 95, and authorities cited; *Williams* v. *Osbon*, 75 Ind. 280; *Parker* v. *Hubble*, 75 Ind. 580; *Jones* v. *Baird*, 76 Ind. 164; *Henderson* v. *Dickey*, 76 Ind. 264; *McLaughlin* v. *Ward*, 77 Ind. 383; *Studabaker* v. *Langard*, 79 Ind. 320; *Spraker* v. *Armstrong*, 79 Ind. 577; *Gauntt* v. *State, ex rel.*, 81 Ind. 137; *City of Lafayette* v. *Allen*, 81 Ind. 166; *City of Elkhart* v. *Wickwire*, 87 Ind. 77; *Dodge* v. *Pope*, 93 Ind. 480.

In *Dixon* v. *Duke*, 85 Ind. 434, it was said: "It is a familiar rule that a special verdict must find such facts as entitle the party having the burden of proof to a judgment. If the facts found are not sufficient to entitle the plaintiff to a judgment, then the defendant's motion for a judgment should be sustained, unless the case is one where the burden is upon the defendant."

Where the special verdict does not find facts established by the evidence, the remedy is by a motion for a new trial upon the ground that the verdict is contrary to the evidence. The cases we have cited firmly establish this rule.

The appellant asked, in due form, for a new trial, but the court denied his motion, and of this ruling he complains.

There is no conflict in the evidence as to the contract made by the parties, for it is conclusively shown that the agreement was that the appellant was appointed the appellee's agent to procure a loan, and that the latter promised to pay the former for his services " five per centum commission on the amount of the loan obtained." This was the contract between the

parties, and it received construction in *Vinton* v. *Baldwin*, 88 Ind. 104 (45 Am. R. 447), where it was held that "A broker who is employed to procure a loan is entitled to his commission when he procures a lender ready, willing and able to lend the money upon the terms proposed." That the rule of law was correctly stated in the case cited can not be questioned, for all the authorities are to that effect.

The appellee's position in the present appeal is that there was no performance of the contract, because Vinton offered him only $4,960, when the loan for which he contracted was $5,500. It is shown by the contract that Vinton was to receive a stipulated commission, namely, five per cent. on the amount of the loan, and it is insisted that because he retained this commission the appellee was justified in repudiating the contract. It seems clear that Vinton had a right to retain this commission without going through the idle ceremony of handing the money over to the appellee and then receiving it back from him. The authorities so determine the question, for it is uniformly held that a broker has a lien for his commission, and that an agent or broker having property or money in his hands may retain the amount of his lien out of it. Biddle Stock Brokers, 118; Whart. Agency, section 706; Overton Liens, pp. 44, 114; Story Agency, section 352; *Hanna* v. *Phelps*, 7 Ind. 21; *Shaw* v. *Ferguson*, 78 Ind. 547. This rule applies to bankers, attorneys, and others who receive money upon which they are entitled to fees or commissions. Overton Liens, p. 82, section 63, p. 100, section 79. It was proper, therefore, for the appellant to retain his commission.

The remainder of the sum retained by Vinton was withheld upon the ground that the contract gave the lender the right to retain one per centum of the entire interest. The appellee insists that there was no right to retain this sum, and the proper decision of this point depends upon the meaning to be assigned to a clause in the written application which was signed contemporaneously with the execution of the contract. The question and answer contained in the application reads

thus: "21. What amount of loan is wanted, for what time, and rate? Answer. $5,500; for five years, 8 per cent., payable semi-annually, 1 per cent. of interest in advance." We think that this imports an agreement that the entire loan shall bear interest at the rate of eight per centum per annum, and that one per centum of the entire interest shall be paid in advance. The language used is "1 per cent. of interest in advance," and, giving to words their natural force and meaning, it must be held that the clause means one per centum of all the interest. It is difficult to see how any other meaning can be assigned to the language employed, for there are no words restricting the operation of the language to part of the interest. Courts must enforce contracts as the parties make them, and have no power to interpolate or take out words except in cases where it is entirely clear that the words are improperly in the contract, or have been omitted by mistake. In no case, however, can words be supplied or withdrawn unless it is necessary to complete the sense, and here the sense is fully expressed.

But, if we should be wrong in this, there is another rule which makes it clear that the contract must be construed as we construe it. The rule to which we refer is thus stated by the Supreme Court of the United States: "In cases where the language used by the parties to the contract is indefinite or ambiguous, and, hence, of doubtful construction, the practical interpretation by the parties themselves is entitled to great, if not controlling, influence." *Chicago* v. *Sheldon*, 9 Wall. 50. Bishop says: "In a doubtful case, the interpretation which the parties themselves have, by their conduct, practically given their contract, will prevail." Bishop Cont., section 598. This doctrine has often been asserted and enforced by this court. *Crabb* v. *Atwood*, 10 Ind. 322; *Morris* v. *Thomas*, 57 Ind. 316; *Aimen* v. *Hardin*, 60 Ind. 119; *Johnson* v. *Gibson*, 78 Ind. 282; *Reissner* v. *Oxley*, 80 Ind. 580; *Willcuts* v. *Northwestern, etc., Co.*, 81 Ind. 300. Before any controversy had arisen, and while the parties were acting

under the contract, and were attempting to carry it into execution, bonds, coupons and a mortgage were executed by the appellee, which clearly and unmistakably fix the construction of the contract. These instruments show, beyond all cavil, that the parties understood the contract to mean one per centum of the entire interest.

Another point is made by the appellant which seems to be decisively against the appellee, and that is, that without objection he executed the instruments to secure the loan, and then, having done this, repudiated the whole contract.· It is a well settled rule that where one party to a contract notifies the other that he will not perform his part of the agreement, performance by the party to whom such notice is given is unnecessary. *Hanna* v. *Phelps*, 7 Ind. 21 ; *Turner* v. *Parry*, 27 Ind. 163 ; *Bartlett* v. *Adams*, 43 Ind. 447 ; *Blair* v. *Hamilton*, 48 Ind. 32 ; *Floyd* v. *Maddux*, 68 Ind. 124 ; *Phœnix Ins. Co.* v. *Hinesley*, 75 Ind. 1 ; *Willcuts* v. *Northwestern, etc., Co., supra;* *Ætna, Ins. Co.* v. *Shryer*, 85 Ind. 362, *vide* auth., p. 368.

An elementary writer thus states the rule : " It is a principle of law, that he who prevents a thing from being done, shall not avail himself of the non-performance which he has himself occasioned. Where, therefore, it was covenanted between the plaintiff and the defendant that the plaintiff should execute and deliver an assignment and general release to the defendant, and the plaintiff offered to assign, and execute and deliver the release, and tendered a draft for the defendant's perusal, but the defendant refused to look at it, and said he would have nothing to do with it, it was held that the defendant had discharged the plaintiff from doing anything farther." 1 Addison Cont., sec. 326.

Growing out of this general principle is the subsidiary one, that when a party makes a general refusal to perform, he can not afterwards shift his ground and put a defence upon a different one. *Hanna* v. *Phelps*, *supra*. The evidence shows, without material conflict, that the appellee refused, and in general terms, to perform his part of the contract, after hav-

ing accepted as performance, in part, at least, the evidences of indebtedness tendered him to sign as satisfactory, and, after having done this, he is not in a situation to evade payment for the services of the agent. Of course, if any fraud or wrong on the part of the agent had been shown, a different rule would apply, but there is no such issue presented, nor was there any such evidence.

Under the rules of law the verdict can not stand, as it is wholly unsupported by the evidence.

Judgment reversed, with instructions to grant a new trial.
Filed May 26, 1884.