(September 23, 1914.)

## FRANK J. SMITH, Appellant, v. W. A. BERGSTRESSER, Respondent.

[143 Pac. 402.]

CLAIM AND DELIVERY—SALE OF PERSONAL PROPERTY—AGENT FOR SALE OF PERSONAL PROPERTY NOT IN HIS POSSESSION NOT A BROKER—LIENS PROVIDED FOR BY SEC. 3446, REV. CODES, DO NOT APPLY IN THIS CASE—EVIDENCE—SUFFICIENCY OF—COMMON-LAW LIENS.

1. Where an agent is employed to sell certain personal property but is not given possession thereof and has no authority to fix the price, determine the terms, close the sale of the same, or receive the purchase price, said agent does not have a lien upon the note and mortgage offered as a part of the purchase price of said personal property and delivered by the purchaser to the owner of said property in connection with the sale thereof, then by him placed in the hands of the agent simply and only to have him examine the same as to their value, see if the land mentioned in the mortgage is properly described therein, and determine from the abstract of title whether there were other liens or encumbrances upon it; the agent does not have a lien upon said note and mortgage for a commission for the sale of said personal property only.

2. Under the provisions of sec. 3446, Rev. Codes, an agent who sells personal property of which he does not. have possession and upon which he has rendered no service to the owner thereof, by labor, or skill, employed for the protection, improvement, safe-keeping, or carriage thereof, has no lien for the purchase price, or any part thereof, which may come into his hands in connection with such sale.

3. *Held,* that under the evidence in this case, respondent is not entitled to a lien upon the note and mortgage described in the complaint.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Chas. P. McCarthy, Judge.

Action in claim and delivery to recover possession of a certain note and mortgage described in the complaint, of the alleged value of $1,800. *Modified.*

J. C. Johnston and J. J. McCue, for Appellant.

Respondent cannot claim a statutory lien, because he does not come within that law, and does not allege that the property was delivered or consigned to him for sale; nor to perform labor or skill, or expend money upon the identical property detained. (Rev. Codes, sec. 3446; *Mendilie v. Snell,* 22 Ida. 663, 127 Pac. 550, 43 L. R. A., N. S., 965.)

Respondent cannot establish a common-law lien upon the property of the appellant detained by him.

"A particular lien at common law is a right to retain the property of another on account of labor employed or money expended on that specific property." (19 Am. & Eng. Ency. of Law, 2d ed., 8; 1 Jones on Liens, p. 26; 2 Bouvier's Law Dictionary, 227; *Scott v. Mercer,* 98 Iowa, 258, 60 Am. St. 188, 67 N. W. 108; Mechem on Agency, sec. 685.)

Respondent cannot claim a common-law lien as a factor nor as a broker, because he did not have delivered to him the possession of the goods and merchandise for sale, nor was the property consigned to him for sale. (Mechem on Agency, sec. 980; Clark & Skyles on Agency, secs. 745, 822; Story on Sales, 91; *Slack v. Tucker,* 23 Wall. 321, 23 L. ed. 143;

*Barry v. Boninger,* 46 Md. 59; *Peterson v. Hall,* 61 Minn. 268, 63 N. W. 733.)

Smead, Elliott & Healy, for Respondent.

An agent has a lien on the papers or property of his principal to secure payment of his compensation. (*Gresham v. Galveston Co.* (Tex. Civ. App.), 36 S. W. 796; *Dowell v. Cardwell,* 4 Saw. 217, 7 Fed. Cas. No. 4039; *Vinton v. Baldwin,* 95 Ind. 433; Jones on Liens, sec. 422; *Byers v. Danley,* 27 Ark. 77.)

There exists a particular right of lien in the agent for all his commissions, expenditures, advances and services, (Mechem on Agency, sec. 684; *Barry v. Boninger,* 46 Md. 59, *Richards v. Gaskill,* 39 Kan. 428, 18 Pac. 494; *Carpenter v. Monsen,* 92 Wis. 449, 65 N. W. 1027, 66 N. W. 692; *Peterson v. Hall,* 61 Minn. 268, 63 N. W. 733.)

"Where an agent has a lien on property for his security, the general owner cannot replevin against him for it until the lien be discharged." (*Newhall v. Dunlap,* 14 Me. 180, 30 Am. Dec. 43; *Matthias v. Sellers,* 86 Pa. 486, 27 Am. Rep. 723.)

TRUITT, J.—In this case an action of claim and delivery was brought by appellant against respondent to recover the possession of a note for $1,800 and a mortgage upon certain real property in Canyon county, Idaho, given to secure the same.

On or about October 1, 1912, the appellant, Frank J. Smith, sold to one Dan Barnidge a certain stock of merchandise, saloon fixtures and liquors, located at 702 Main St., Boise, Idaho. This note and mortgage were a part of the purchase price of said personal property, and at the time of the commencement of said action they were in the possession of the defendant, and he admitted that the plaintiff was the owner of them. The defendant filed his answer to the complaint and affidavit of the plaintiff, denying certain allegations therein but admitting the sale of the personal property to said Dan Barnidge by plaintiff, that said note and mortgage

were part of the purchase price of the same, and alleged therein that they were delivered to him by plaintiff for his examination in connection with the abstract of title to the real property described in said mortgage.

Said defendant, as a further answer, defense and cross-complaint, among other things, alleged that "on or about the 28th day of August, 1912, the said plaintiff, Frank J. Smith, entered into an agreement with the said defendant, W. A. Bergstresser, wherefor, in the consideration of $200 to be paid by the said plaintiff to the said defendant, the said defendant agreed to negotiate the sale of, sell and dispose of a certain stock of merchandise and fixtures, consisting of intoxicating liquors and saloon fixtures, and entirely of intoxicating liquors and saloon fixtures, described in the said complaint herein, and to draw all contracts for the transfer of said property and agreements to transfer the same, make all invoices, examine all instruments and perform all other services as an attorney at law in connection with the said sale and transfer." This is the contract upon which issue was joined, for the plaintiff in his reply denies making it or any contract with defendant for the sale of said property, or for any other purpose whatever.

The defendant further alleges in said answer that he effected a sale of said personal property to said Dan Barnidge for the purchase price of $3,500; that $1,700 thereof was paid in cash and said note and mortgage for $1,800 were turned over to the plaintiff as the remaining part of said purchase price; and that by reason of his services in effecting said sale the plaintiff became indebted to him in the sum of $200, and asked that it be adjudged and decreed by the court that he have a lien upon said note and mortgage and the possession of them until the amount of $200, as above stated, for said services, be paid to him. All of the material allegations of this answer were denied by plaintiff.

Upon the issues thus joined, the cause was tried before the court with a jury, and the jury returned the following verdict:

"We, the jury in the above-entitled action, find that the defendant is entitled to a lien upon the note and mortgage described in the complaint for the sum of $175, and is entitled to the possession of the same until said sum is paid him by the plaintiff, and so we find for the defendant."

The court, in accordance with this verdict, entered judgment against the plaintiff, and ordered, adjudged and decreed that the defendant, W. A. Bergstresser, do have and has a lien upon the note and mortgage described in the complaint in this action for the sum of $175, and that he is entitled to the possession of the same until said sum is paid him by the plaintiff with interest thereon at the rate of seven per cent per annum from the date of said judgment until paid and for costs and disbursements of the action. From this judgment the plaintiff appeals.

A number of errors have been assigned by the appellant, which, under our view of the case, it will not be necessary to pass upon, for the main and vital question presented by this appeal is as to whether or not the defendant had a lien on the note and mortgage for the services he had rendered plaintiff, and a decision of this question will dispose of the case. But in order to decide this question, it will be necessary to consider the first and second assignments of error as set forth in appellant's brief, for these two assignments of error are so connected that they must be considered together.

The case is somewhat peculiar as presented to this court, in the fact that the testimony at the trial in the court below did not keep well within the issues raised by the pleadings. The contract alleged in the defendant's affirmative defense or cross-complaint is materially different from the one he testified to as having been made with the plaintiff in regard to the sale of said personal property. The contract set out in his answer is that defendant agreed with plaintiff to negotiate the sale of and sell the property described in the complaint, and also to draw the contracts for the transfer of said property and agreements to transfer the same, make all invoices, examine all instruments, and perform all other services as an attorney at law in connection with the sale and transfer of

said property. But in his testimony, at page 97 of the transcript, when asked to give the terms of the employment he made with plaintiff, he answered: "The terms of employment were when we got down to the sale that he was to pay five per cent of the valuation of the stock, and he finally cut down the price and said, 'I will not take less than $4,000,' after the invoice was made, so when he fixed that, and he was to pay me for the services in procuring Dan Barnidge a license if he would accept the stock and pay for it, a reasonable compensation, that part of it." In this contract he says, plaintiff was to pay him five per cent of the valuation of the stock and then a reasonable compensation for procuring a liquor license for Dan Barnidge, which is materially different from the contract set out in the cross-complaint. The plaintiff denied that he had any contract of any kind whatever with defendant, and as the defendant's own testimony concerning it does not agree with the allegations of his cross-complaint, there is some uncertainty as to whether or not there ever was any contract between these parties for the sale of said property, but as there is some testimony that such contract was made, and the jury have so found in order to reach the verdict, that question may be considered as settled.

Coming now to the consideration of the assignments of error by the appellant heretofore mentioned, they are as follows:

"1. Insufficiency of the evidence to justify the verdict.

"2. That the verdict is against the law in this: That the evidence shows that the defendant did not at any time ever have the possession of the property for sale described in the complaint of the plaintiff, and that the evidence of the defendant shows that the property for sale was never at any time delivered to him for sale, nor that the defendant ever at any time had possession of the title papers to the property for sale, and does not show that the defendant was in law entitled to a common-law lien upon the papers in question in this case."

All the facts necessary to entitle the plaintiff to recover in said action are alleged in the complaint; that is, that he was

the owner of the note and mortgage described in the complaint, that the same was in the possession of defendant at the commencement of said action, that prior to the commencement of the action plaintiff demanded the possession of said note and mortgage, that they were in the possession of defendant at said time, and that he refused to deliver the possession thereof to plaintiff, for the sole and only reason that he asserted a lien upon them for a certain amount of money that he claimed to be due from the plaintiff to him as commission for negotiating the sale of said property. Conceding, then, that plaintiff did owe him the amount of money found due him by the verdict of the jury, this brings up the one vital question in the case, Did he have such lien upon said property?

The evidence of how the note and mortgage got into the possession of Bergstresser is somewhat vague, but we think it shows that Smith himself did not give him possession of them to be held as a part of the purchase price of said property, nor as a direct transaction in connection with the sale thereof. At page 59 of the transcript, the plaintiff testifies as follows: "Did you ever deliver to Bergstresser the property described in the complaint? A. No, sir. Q. Did you ever at any time authorize or consent that Bergstresser should hold this note and mortgage for you? A. No, sir." Dan Barnidge, who purchased the property of Smith, in his testimony at page 83 of the transcript, says that he turned the note and mortgage over to Smith, and Smith handed it to Bergstresser, "he told me he had to have an abstract and he wanted Bergstresser to pass on it." Bergstresser himself, at page 104 of the transcript, testifies as follows: "Before leaving the office, Smith said, 'There is the note and mortgage. I want you to keep it, and you look over the abstract and see that it is all right, because this is no sale unless that is all right.' "

From all the testimony and from the circumstances in connection with the alleged agency and the sale of said property, we do not think the plaintiff ever delivered to defendant this note and mortgage as part of the purchase price, and that if plaintiff did put them into defendant's hands, he put them

there simply to have the mortgage examined in connection with the abstract to see if the title to the land described in the mortgage was good and clear of other encumbrances.

The important instruction of the court below bearing upon this question is as follows:

"If the owner of personal property employs another person to procure a purchaser for said property for a commission, and the latter procures a purchaser who purchases said property from the owner upon terms accepted by the owner, then the latter has a right to the agreed commission. If, under such circumstances, the purchase price, or any part thereof, is delivered to the person procuring said purchaser by the owner, such person has a lien upon said purchase price or any part thereof so delivered to him for his commission, dependent on possession, that is, he has a right to hold the same until his commission is paid."

We do not pass upon the question of the correctness of this instruction as a principle of law under other and different facts than appear in this case, but we hold that the testimony here does not bring this question within the purview of such principle. The defendant was not a factor, nor broker in regard to said property, but, giving his testimony the most favorable construction as to the terms of his employment in the premises, he was not in possession of the property, he had no authority to close a sale thereof, no authority to deliver possession of the same to the purchaser or to receive the purchase price therefor. And if, as defendant asserts, the plaintiff, in connection with closing said sale, did put these papers into his hands incidentally, and only to have him examine the mortgage, pass upon its value, and in connection with the abstract, see if the description of the land in the mortgage was correct, and also if it was free of other encumbrances, defendant could not hold them as against the demand of the plaintiff, nor was he entitled to a lien upon them for any commission which might be due from the plaintiff to him in negotiating the sale of said property.

The facts in this case clearly show that the defendant did not have a statutory lien upon said note and mortgage under

the laws of this state. (Sec. 3446, Rev. Codes; *Mendilie v. Snell,* 22 Ida. 663, 127 Pac. 550, 43 L. R. A., N. S., 965.)

The respondent in his brief, however, admits that under the facts in this case he could not maintain a statutory lien, but contends that he has a common-law lien upon said papers. A number of authorities in support of this position are cited, and we have briefly examined some of them, but do not think those examined sustain his contention.

*Gresham v. Galveston County* (Tex. Civ. App.), 36 S. W. 796, is a case where the county entered into a specific contract with Gresham and entered an order or decree of the commissioners' court of Galveston county, Texas, appointing him as agent of that county to sell or lease four certain leagues of land granted said county for public school purposes, describing the same; that the said Walter Gresham, in pursuance and by virtue of the power and authority of said order and decree, had sold various tracts of land out of the four-league grant, and as compensation therefor he was to receive ten per cent commission on all lands sold, and he had power and authority to sell or to lease said lands, or any part thereof, upon such terms and for such prices as to him might seem best for the interests of said county. There were some of the notes taken for sales of these lands that were not collected at the time the controversy about them arose which was terminated by the judgment in said action, and Gresham claimed that he was entitled to hold these notes until certain sums which he claimed as commissions on sales made, for which said notes were taken by him, were paid to him by the county. In that case the court held that he would be entitled to retain the notes while acting in good faith within the scope of his agency for the purpose of collecting them, and in that way securing his commission for their collection. We do not think this case sustains the contention of the respondent.

*Vinton v. Baldwin,* 95 Ind. 433, was a case where there was a contract made between the parties whereby the appellant, Vinton, was appointed agent for the appellee, Baldwin, to procure a loan, and for his services for procuring such loan promised to pay him for said services five per cent commission

on the amount of the loan obtained. After the loan was effected, Vinton refused to pay over to Baldwin a certain part of the money, as he claimed it for his commission in effecting the loan, and in that case it was held that a broker has a lien for his commission, and that an agent or broker having money or property in his hands may retain the amount of his lien out of it. But this is not in point on the question of the lien in the case at bar.

In *Shaw v. Ferguson*, 78 Ind. 547, it was held that, "One who carries on the business of slaughtering hogs and curing, storing and selling the product, as well for himself as for others, and makes advances to such customers, continuously holding possession of their product until he sells it, is a factor, and has a lien on the product of the customer, for services and advances." It will be seen that this authority does not apply to the case at bar, for the reason that the defendants in that case were conducting a slaughtering and pork-packing establishment in the city of Indianapolis Ind., and, as it is held in the case, were factors in the possession of the property delivered to them, and all the proceeds of the products of said slaughtering and packing-house was received by them from their customers.

The authorities cited by appellant seem to uniformly hold that a common-law lien is a right to retain the property of another on account of labor performed or money expended upon that specific property. The law as to common-law liens is well and we think fully expressed in American & Eng. Ency. of Law, vol. 19, 2d ed., pp. 8 and 9, as follows:

"It is a principle of the common law that every man who has lawful possession of a chattel upon which he has expended his money, labor, or skill, at the request of its owner, thereby enhancing its value, may detain it as security for his debt. This right extends to all such manufacturers, tradesmen, and laborers, as receive chattels for the purpose of repairing or otherwise improving their condition, and also to common carriers, innkeepers, warehousemen, and wharfingers."

There are a number of other authorities referred to by appellant in his brief, but we deem it unnecessary to comment

upon them further, for the reason that we hold that the court erred in entering judgment against the plaintiff and in holding that the amount found by the jury for defendant was a lien upon said note and mortgage. And it is hereby ordered that said judgment be modified as follows: Let the court below enter a judgment for the defendant in the sum of $175, with interest thereon at the rate of seven per cent per annum from date of original judgment and also enter a judgment in favor of the plaintiff that he is the owner and entitled to the immediate possession of the specific personal property described in the complaint, and that the same be delivered to him. Costs awarded to the appellant.

Sullivan, C. J., concurs.