STEWART ADS. THE LEHIGH VALLEY RAILROAD COMPANY.

Where terms, used in a written contract, are of themselves susceptible of a definite legal construction, the fact that the parties have adopted and acted on an erroneous construction of the contract will not preclude them, as to transactions not clear, from insisting on the proper and true legal construction.

On motion to strike out notice.

Argued at November Term, 1873, before Justices BEDLE, DALRIMPLE and SCUDDER.

For the defendant, *J. Vanatta.*

For the plaintiffs, *T. N. McCarter.*

The opinion of the court was delivered by

DALRIMPLE, J.   When this case was before the court at a former term it was held that the drawback only applied to tolls for goods carried on the thirty-two boats mentioned in the agreement between the parties.   The defendants have, since the previous decision, filed a notice, setting up, in substance, that the construction of the agreement insisted .on by them, and decided by this court to be erroneous, was, at the time of the execution and delivery of the agreement, and continually thereafter adopted, understood and acted on by the contracting parties as the true construction thereof, of all which the plaintiffs had notice when they became the assignees of the said agreement.   The plaintiffs now move to strike out this notice on the ground that it contains no matter of defence to the action.   I have not been able to see upon what ground the facts set forth in this notice can be held to constitute a defence.   To hold that they do would be in conflict with the previous decision in this case, which holds that the true interpretation of the contract is that the drawback applies only to the thirty-two boats mentioned, and that the expression "freight line," is confined to them.   That the plaintiffs' assignees have not hitherto insisted on their full rights under the agreement, I do not see can make any difference, nor do I think that the plaintiffs are now estopped from insisting on the agreement being interpreted according to its legal effect.   Agreements may be read in the light of surrounding circumstances and parol evidence will be received to show the sense in which parties used local and technical terms.   1 Greenl. Ev., §§ 277, 294.   But I do not understand that it is insisted that the evidence sought to be given under the notice in question is admissible on either of these grounds.   It is claimed to be legal because the argreement has received a practical interpretation by the parties which now binds them. But the principle invoked in support of this contention does not go to the extent claimed.   It has been held that where the language of a deed is doubtful in the description of land conveyed, parol evidence of the practical interpretation by the

acts of the parties, may be received to remove the doubt, and that evidence of former transactions between the same parties is admissible to explain the meaning of terms in a written contract respecting subsequent transactions of the same character 1 *Greenl. Ev.*, § 293. The object of these rules, it will be perceived, is to ascertain the true meaning of words in a written contract, about which there is doubt. In the contract before us no such doubt arises. The true interpretation of the terms used has been settled by judicial decision. That the parties to the agreement have otherwise construed it, does not preclude the plaintiffs from claiming their legal rights under it, according to its true intent and meaning. To allow the notice to stand would, in effect, be making a new contract into which the parties have not entered.

The motion to strike out is allowed, with costs.

Justices BEDLE and SCUDDER concurred.