SPENCER v. MILLISACK ET AL.

1. **Contract**: CONSTRUCTION: MISUNDERSTANDING OF TERMS. Where an unexecuted contract, by the general understanding of the meaning of its terms, is plain and unambiguous, its true construction will be given it, although the parties gave it a different construction when computing the amount due thereunder.

*Appeal from Monroe Circuit Court.*

THURSDAY, OCTOBER 9.

THE plaintiff, for cause of claim against the defendants, alleges that on the 22d day of May, 1875, the defendant I. Millisack executed his promissory note to the plaintiff for $240, and that in January, 1878, Millisack sold and delivered to the defendant Swaim a bill of goods or merchandise consisting of a store in Albia, and as a part consideration the defendant Swaim agreed with Millisack and plaintiff to assume said note, and promised to pay the same. At the February term, 1878, judgment by default was rendered against the defendant Millisack, and as to the defendant Swaim the cause was continued. At the February term, 1879, the cause came on for hearing as to the defendant Swaim, and was tried to the court. The court submitted a finding of facts, the material substance of which is as follows: The defendant Millisack was the owner of a stock of goods in Albia, Iowa, which on the first of January, 1878, he sold to the defendant Swaim. They commenced invoicing the goods, and Millisack became

dissatisfied on account of the security offered for deferred payments. This matter was adjusted, and on the fifth day of January, 1878, the following additional or supplemental contract was entered into between them: " Article of agreement entered into by Isaac Millisack and T. J. Swaim: I, Millisack, agree to invoice my stock of goods at wholesale price, and then cut ten per cent from invoice price. Should said Millisack fail to do this, then said Swaim is released from any further obligation." The invoice was completed and notes were given in accordance with the contract with mortgage security, except for a certain balance that remained unsettled. That Millisack informed Swaim that out of the balance he desired to pay the principal of the plaintiff's note, to which Swaim assented; but no acceptance of the same was made by plaintiff until the 15th day of January, 1878. It is generally understood among merchants that wholesale price . means the price paid by the buyer to the wholesale merchant, without carriage. By the terms of said agreement, in view of said understanding, there was due to said Millisack $70, only, except as hereinafter stated, but that the invoice of said goods amounted to $3,400, and that to add to the same five per cent of the invoice for carriage would advance said sum to $240 on the 15th day of January, 1878.

That all matters touching said trade were mutually settled and agreed upon between said defendants with reference to said contract of sale, and the sum of five per cent agreed upon and added to the invoice of said goods for carriage without any other, further, or new consideration therefor than the consideration of the original agreement for said sale. It does not appear whether or not the said Swaim was aware of the general understanding among merchants as to the meaning of the wholesale price or cost. That after all matters of said contract were adjusted except the $240 hereinafter referred to, the defendant Swaim was garnished upon execution in the case of *Collins & Downing v. I. Millisack*, upon a judgment in the Circuit Court for the sum of $99.00 and costs. That on the 15th day of January, 1878, it was mutually agreed between plaintiff and defendants that defendant Swaim would give

to the plaintiff his promissory note for the said sum of $240, with ten per cent interest, due in two years from said date, with Lewis Miller or S. C. Harvey as securities, provided they would sign the note as surety, which was to be executed and delivered on the day following, and upon the delivery of said note to plaintiff the note of Millisack to plaintiff was to be surrendered to him, but until said note with security was executed to plaintiff, Millisack was to remain liable on the original note. At the same time, Millisack paid the interest on the note in suit to January 15th, 1878, which finally closed the trade, except the execution by the defendant Swaim of the note aforesaid, which note the defendant Swaim has neglected and refused to execute.

The court held that the defendant Swaim should be bound by said settlement, and that the court should construe said contract by the understanding of the parties, as manifested by said settlement, rather than by the general understanding among merchants, as to the meaning of said contract.

Judgment was rendered in favor of Collins & Downing for $109.90, and in favor of the plaintiff for $141.76. The defendant appeals.

*Perry & Townsend*, for appellant.

*W. A. Nichol*, for appellee.

DAY, J.—The agreement between the defendants is, that Millisack shall invoice his stock of goods at wholesale price, and then cut ten per cent from the invoice price. The court found as a fact that it is generally understood among merchants that wholesale price means the price paid by the buyer to the wholesale merchant, without carriage. When the defendants came to settle, they added to the invoice of goods the sum of five per cent for carriage. No new contract was made, for the court finds that no further or new consideration passed between the parties. What occurred between them was simply an expression of the understanding which they then had of the meaning of their original agreement. It was agreed

that pursuant to this understanding the defendant Swaim should execute his note to the plaintiff, with security, for $240, and that thereupon the note of the defendant Millisack should be regarded as satisfied, and should be surrendered. But this was never done. The agreement between Millisack and Swaim as to the amount due, and the manner of payment, was never consummated. It amounted to no more than a mere understanding as to the amount due under the original contract. The question now is whether this understanding shall prevail over the real meaning of the contract, as imported by its terms, and as generally understood by merchants. The court held that the understanding of the parties at the time of their settlement must prevail. In so holding, we think the court erred. If the agreement had been consummated and Swaim had executed his note to plaintiff, with surety, payable in two years, and Millisack's note had been surrendered, a very different question would be presented. But here was nothing more than an understanding as to the amount due. Swaim obtained no extension of credit. None of the parties changed their situation.

The defendants made a computation of the amount due upon the contract. In making this computation they did not properly understand the meaning of the contract. In a suit upon the contract its real, and not its supposed, meaning must pre-vail.

The defendant Swaim in his answer as garnishee, admitted owing the defendant Millisack $70. Judgment should be rendered against him for that amount in favor of Collins & Downing, without costs.

REVERSED.