## Garard *versus* Monongahela College.

A. executed a bond to B. obligating himself to pay to B. two hundred dollars in eight equal annual instalments, for an endowment fund, whenever the whole fund of fifty thousand dollars had been secured, and also to pay an annual interest on any unpaid amount of the two hundred dollars. He paid three years' interest. The endowment was not secured. In an action to recover interest on the two hundred dollars: *Held*, that the condition of the bond was good, and as it had never been performed by securing the endowment, the first instalment of the principal of the bond was not due, and consequently no interest was due or payable.

October 7th, 1886. Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., absent.

ERROR to the Court of Common Pleas of *Greene county:* Of October Term 1885, No. 271.

This was an action of debt brought by the Monongahela College against Stephenson Garard, September 4th, 1885. Plea, payment, with leave.

The following are the facts of the case, as they appeared in the court below;—

On the 16th day of May, 1874, Stephenson Garard executed a bond, by the terms of which he was to pay to the "treasurer of the board of trustees of Monongahela College, Jefferson, Greene county, Pa., the sum of two hundred dollars, in eight

4 AMERMAN —22

[Garard *v.* Monongahela College.]

equal annual instalments, for the endowment of said college, the first of said instalments to be due and payable whenever the president and secretary of said board of trustees shall certify that the sum of fifty thousand dollars, including and counting the above amount of two hundred dollars, has been secured by cash or bonds for the endowment of said college." The bond also contains this clause: "I furthermore bind myself, my heirs and assigns, to pay an annual interest of six per centum on any unpaid amount of the said two hundred dollars, which interest shall be due and payable in advance on the 1st day of July, at Jefferson, and shall be subject to the order of said board of trustees for the payment of the salaries of professors and teachers in said college."

On the day the bond was given Stephenson Garard paid twelve dollars, being one year's interest, and on July 26th, 1876, he paid twenty-four dollars, being two years' interest on the bond.

The college failed to secure the sum of $50,000 as an endowment fund. This suit was brought against Stephenson Garard to recover interest on the two hundred dollars mentioned in the bond, from July, 1876, to July, 1885. An affidavit of defence was filed, setting forth, *inter alia*, that "the president and secretary of the board of trustees of said college had not certified that the sum of $50,000 had been secured for the endowment of said college," as by conditions of said bond they were required to do. The plaintiff college entered a rule on the defendant to show cause why judgment should not be entered against him for want of a sufficient affidavit of defence, filing as a reason therefor that, "if all the facts contained in the affidavit of defence are true, the defendant is legally liable to the plaintiff for the interest on said bond." On February 2d, 1886, this rule was made absolute by the court, and judgment entered against the defendant for $108, being the interest on said sum of two hundred dollars for nine years.

The defendant thereupon took this writ, assigning for error the entry of judgment against him.

*Babb* (*Iams, Wyly, Buchanan and Walton* with him), for plaintiff in error.—The condition annexed to the subscription is a valid one, and the Monongahela College cannot enforce any part of the contract without first showing that the condition has been complied with by the securing of $50,000 as an endowment fund: Phila. & West Chester Railroad Co. *v.* Hickman, 4 Casey, 318; Stuart et al. *v.* Second Presbyterian Church, 3 Norris, 388.

Interest is but an incident of the principal, and since it is admitted that the condition on which the subscription was

[Garard v. Monongahela College.]

made has not been complied with, the bond has no force whatever as a contract, and surely no interest can be collected on the sum named in the bond.

*Ray* (*Axtell* with him), for defendant in error.—The bond in suit is composed of two separate parts or clauses. The first clause is conditional, but as there is no fixed period when the conditions shall be fulfilled, it follows that time is not of the essence of this part of the contract. The second clause is specific and without conditions. It is expressly agreed therein to pay an annual interest of six per centum on the $200, at Jefferson, on the first day of July of each year. Unless repugnant to each other, this contract must be so construed that both clauses shall have the full force and effect intended by the parties at the time of its execution.

The defendant paid three years' interest, which is conclusive as to his intention and understanding, viz., that the interest was payable annually from the execution of the bond.

Mr. Justice TRUNKEY delivered the opinion of the court, November 1st, 1886.

This action is for the recovery of interest for nine years on two hundred dollars, and is founded on an instrument under seal whereby the defendant promises to pay said sum in eight equal annual instalments, the first to be due and payable when the sum of fifty thousand dollars has been secured by cash or bonds for the endowment of Monongahela College. He further promises to pay the interest annually on any unpaid amount of said two hundred dollars, which interest shall be payable in advance on the first day of July, and shall be subject to the order of the Board of Trustees for the payment of salaries of professors and teachers.

Interest was paid for the first three years. This fact tends to show, as the plaintiff contends, that the parties understood the writing to mean that if the college should secure in cash and bonds an endowment fund of fifty thousand dollars, then the defendant shall pay the two hundred dollars in eight equal annual instalments; and on failure to secure so much for said fund, said two hundred dollars shall not be due and payable, but the defendant shall pay the interest of two hundred dollars annually forever; in either case the interest to begin on the first of July after the date of the bond. But the payment of interest is by no means conclusive in favor of such construction. It is obvious that the parties contemplated that the named sum for endowment could and would be raised. In that view the defendant paid the interest, and after the lapse of a reasonable time for securing the amount he stopped pay-

[Commonwealth *v.* N. Y., L. E. & W. R. R. Co.]

ment. Such payment is not enough to change the promise into something else than is written.

According to a statement in the plaintiff's argument, it has secured only about thirty thousand dollars for the proposed fund. There can be no pretence that the first instalment is due and payable. By the letter of the instrument no interest is due until that instalment becomes due. Then the interest will be due on all unpaid instalments, in advance. Without the express stipulation that the seven undue instalments shall bear interest from the date the first becomes due, none would bear interest until payment of the principal could be made or demanded. The stipulation for interest constitutes the second part of the argument, and has full effect in its application to undue instalments. It obligates payment of interest on seven eighths of the debt before the same is due. But when there is no debt there is no interest, and the instrument is conditional, so that there is no debt until the whole of fifty thousand dollars is secured.

The meaning of the instrument is plain; and though the purpose of raising the fund is most worthy, and for three years the defendant generously paid interest on money he did not owe, its words should not be violently wrested so as to make an obligation to pay twelve dollars annually for all time, in case the college fails to secure the designated sum for endowment. If that was intended it could easily have been expressed. If the defendant has been bound to pay interest at all, he is bound perpetually. The instrument on its face does not import such undertaking. It is conditional, and unless the condition be performed there is no contract that can be enforced; were it true that until the sum of two hundred dollars becomes payable, the defendant is liable to pay the interest, he could not tender said sum and stop the interest, for the college is not bound to receive it before it is due.

Judgment reversed and procedendo awarded.