JOHN DAVIS AND JOSEPH CRESWELL

v.

PATRICK J. SEXTON.

*Contracts—Steam Heating Apparatus—Guaranty—Evidence—Instruc-tions—Special Findings*—Res Adjudicata.

1. Where a contract is in writing it is for the court to state its mean-ing, and it is only where there is a doubt as to its proper meaning arising from the ambiguity of the words or phrases used, that the acts of the parties are looked to for aid in the construction thereof.

2. In order that a defendant may protect himself by a previous judg-ment against the plaintiff, he must show that both suits involved, legally, the same subject-matter.

3. In an action brought to recover certain expenditures made for the repairs to steam heating apparatus, defendants, who put the same into the building in question, having entered into a guaranty to keep the same in working order for three years without expense to the plaintiff, this court holds that a certain instruction given can not be complained of and de-clines to interfere with the verdict in his behalf.

[Opinion filed March 10, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellants.

Messrs. BRANDT & HOFFMAN, for appellee.

MORAN, J. This appeal is from a judgment rendered in favor of appellee and against appellants for the cost of certain changes and repairs made in a steam-heating appa-ratus, which had been constructed by appellants for appellee. The principal controversy regards the obligation of appel-lants under the contract between the parties. The contract provided that appellants should construct and complete the steam apparatus in accordance with plans and specifications prepared by the architect, and to the final acceptance of the

said architect, and also to the final acceptance of appellee, and contained this clause: "And the said first parties guarantee the perfect working of said apparatus for three years from the date of its completion without additional cost to the second party." The specifications contain the following:

"Guaranty. The size of the radiators, supply and return pipes, is left to the discretion of the contractor, and he must guarantee the apparatus to circulate perfectly, without noise at any pressure, and to warm the rooms named at a low pressure to seventy degrees when the outside temperature is ten degrees below zero. Water connection, boiler house and chimney will be furnished by the owner."

The evidence introduced on the trial in behalf of appellee tended to show that many portions of the building could not be properly heated by the apparatus, that the pipes were noisy and that the cracking or clicking of the steam passing through them was almost constant when they were in use; that the pipes and radiators froze and burst and that water leaked from them into the rooms. In December, 1884, which was the first winter after the completion of the work, appellee wrote to appellants stating the defects in the operation of the apparatus, and gave them notice to put it in order in accordance with their contract. Appellants took no steps to remedy the difficulty, and in January, 1885, appellee engaged another firm of steamfitters to examine the apparatus, and it was found that the trouble was principally caused by a defect in the original construction of the apparatus in failing to have the return pipes enter the boiler a proper distance below the water line in the boiler. This defect in the apparatus was corrected, and the jury found a verdict in appellee's favor for the amount of cost of such work.

Appellants complain that an incorrect construction was placed on the contract in the court below; that it was in effect held that appellants were bound not only to construct an apparatus that would work perfectly in the respects mentioned in the contract, but that they were bound to keep said apparatus in such perfect working order for the period of three years, whether the change or repair to be made was due to defect in original construction or not.

Davis v. Sexton.

The court did instruct the jury that under the contract sued on, the defendants guaranteed the perfect working of the heating apparatus by them put into the building, for three years from the completion of said apparatus, without additional cost to the plaintiff. It is difficult to see how the court could have refused to so instruct the jury. The words of the instruction are substantially the words of the contract. As used in the contract the words are plain and unambiguous and bind the appellants to do just what such words imported, taken in their ordinary acceptation, and we know of no other words which the court could have used which would convey to the minds of the jury so clear a statement of appellants' obligations, as those words of the contract. We find nothing in any other part of the contract that modifies the import of these words, or that would authorize an attempt to restrain or change their meaning or effect. Neither this instruction or any other given by the court, nor any ruling of the court, to which our attention has been called, construed the contract as obliging appellants to repair faults in the apparatus not due to original defective material or construction.

The contention that the court went on the theory that appellants were bound to keep the apparatus in perfect order for three years, regardless of whether the repairs were made necessary by the improper use by plaintiff, or the carelessness of his servants, is not supported nor justified by the record. Appellants were to " keep " the apparatus in repair for three years, in the sense that they were, without cost to plaintiff, to remedy any defects in it due to its construction or material used, which, within the terms of the guaranty, it should be found necessary to remedy in order that it should operate in accordance with the promise of the contract. Complaint is made that the court refused an instruction leaving it to the jury to interpret the contract in accordance with the meaning which the parties had given to it by their acts. The refusal was proper. When the contract is in writing it is for the court to state its meaning, and it is only where there is a doubt as to the proper meaning of the contract arising from the ambiguity of the words or phrases used, that the acts of

the parties are looked to for aid in construction. The rule is stated by Mr. Justice Mulkey in The People v. Murphy, 119 Ill. 159, with the proper limitations, as follows: "Where the terms of an agreement are in any respect doubtful or uncertain, and the parties to it have, by their conduct, placed a construction upon it which is reasonable, such construction will be adopted by the courts in the event of litigation concerning it." See also Burgess v. Badger, 124 Ill. 288, where Mr. Justice Scholfield states the rule in similar language. Where there is no ambiguity in the language of a written contract, and its meaning is clear to the eye of the law, the construction of the parties can not control its legal effect. Railroad Co. v. Trimble, 10 Wall. 367; Ins. Co. v. Doll, 35 Md. 89. Now, as we before said, we find no uncertainty or ambiguity in this contract, nor, indeed, do we find any evidence in this record tending to show that the parties ever gave it, by their acts, any other or different construction than that given to it by the court. Refusal of one of the parties to perform the agreement according to its legal meaning, is not a construction, nor does contention or dispute between the parties as to their duties under it, create doubt or uncertainty in the contract itself.

Appellants introduced in evidence a judgment which they had obtained before a justice of the peace against appellee for certain work done on said steam apparatus before the work was done for which he recovered in this action, and from which said justice suit it appeared that he sought to defend on the terms of the written contract. The justice refused to allow the contract in evidence, and paid no attention to the claim that it governed the rights of the parties. Of course, if the judgment before the justice related to the matter of difference between the parties arising under the contract, then whether the justice's judgment was in fact rendered on correct or incorrect principles, would make no difference. It would still be a bar to this action.

But the evidence does not show that the recovery before the justice was for repairs of the character that appellants were bound to make under this contract. It rather tends

to support the conclusion that it was for repairs which the carelessness of appellee made necessary, and so, in substance, the jury found in answer to a specific interrogatory submitted to them at appellants' request.

In order that appellants should protect themselves by the justice's judgment, they should have proved that it involved legally the same subject-matter as this action. The jury were correctly instructed by the court on this question, and appellants have no ground of error upon it.

We have discussed the important points raised by counsel on this record. There are some objections of a minor order which do not call for discussion. They have all been considered, and are not regarded as furnishing any sufficient reason for a reversal of this judgment, and the same will therefore be affirmed.                    *Judgment affirmed.*