RALYA, ADMINISTRATOR OF THE ESTATE OF RALYA, DECEASED, v. E. C. ATKINS & COMPANY.

[No. 19,100. Filed October 30, 1901.]

CONTRACTS.—*Construction by Parties.—Patents.—Royalties.*—Where a complaint in an action to recover royalty for an improvement sets out a written contract clear and unambiguous in its terms describing the patent by name and number, it was not error to strike out an allegation seeking to embrace therein a second patent, which was not issued until about a year after the contract was entered into, on the theory that by a common understanding and mutual consent the contract was construed and acted upon as embracing subsequent improvements, there being no averment of mutual mistake, nor reformation of the contract sought. *pp. 332-337.*

PLEADING.—*Answer.—Surplusage.*—Paragraphs of answer, good as general denials, not purporting to be pleas in confession and avoidance, are not rendered bad by immaterial matter alleged therein. *p. 337.*

CONTRACTS.—*Rescission.*—When a party, even without right, claims to rescind a contract, if the other party agrees to the rescission, or

Ralya *v.* Atkins & Co.

does not object thereto, and permits it to be rescinded, the rescission is by mutual consent. *pp. 337, 338.*

PLEADING.—*Harmless Error.*—Available error can not be predicated upon the action of the court in overruling a demurrer to an answer where the record shows that at the close of the plaintiff's evidence in chief the jury, by direction of the court, returned a verdict for defendant. *pp. 338, 339.*

EVIDENCE.—*Contracts.*—*Letters Written in Negotiations.*—*Merger.*— Letters written in the negotiation of a contract are merged in the written contract and are not admissible in evidence in an action on the contract. *pp. 339, 340.*

SAME.—*Patents.*—*Royalties.*—*Contracts.*—In an action on a contract to recover royalty on a patent specifically described by name and number, a second patent not referred to in the contract was not admissible in evidence. *p. 340.*

APPEAL AND ERROR.—*Presumptions.*—Where it is not shown that all of the evidence is in the record it will be presumed on appeal that other evidence was given which justified the court in directing a verdict for defendant. *p. 341.*

From Marion Superior Court; *J. M. Leathers,* Judge.

Action by William S. Ralya, administrator, against E. C. Atkins & Co., to recover royalty on a patent. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*E. P. Ferris, W. W. Spencer, S. Mott* and *F. W. Ballenger,* for appellant.

*F. Winter* and *C. Winter,* for appellee.

MONKS, C. J.—This action was brought by appellant upon a written contract to recover royalty for an improvement in cross-cut saws manufactured and sold by appellee under a patent. A trial of the cause resulted in a verdict for appellee by direction of the court.

The complaint is in two paragraphs. The first error assigned calls in question the action of the court in sustaining a motion to strike out parts of the first paragraph of complaint. The written contract upon which the action was brought was executed May 6, 1887, by appellant's decedent, John J. Ralya, as the party of the second part, and appellee as party of the first part, and provided "that

whereas the party of the second part had applied for letters patent of the United States for improvements in cross-cut saws, which said application in the notice serial number 208,440 of allowance of same gives date of filing said application as July 9, 1886. Now, therefore, for and in consideration of the sum of $20 to him in hand paid by said party of the first part, the receipt of which is hereby acknowledged, and certain other valuable considerations hereinafter mentioned, the party of the second part has bargained, sold, transferred, and conveyed, and by these presents does bargain, sell, transfer, and convey unto the said party of the first part the sole and exclusive right to make, vend, and use any and all improvements made by him in the construction of cross-cut saws, and for which letters patent may be granted to him by the United States as herein mentioned, and upon the terms and considerations hereinafter stated. The said party of the first part agrees to use reasonable diligence to manufacture and sell cross-cut saws made under said letters patent and to pay said party of the second part five cents per lineal foot royalty on all saws made by them under said letters patent and according to the original design and pattern of said party of the second part." It is provided that a statement shall be rendered of all sales of saws made "under said letters patent and design" at stated times, and that Ralya shall pay for all saws he may require "under said letters patent and design." It is further provided that said saws shall be known as the "Cyclone" and the party of the first part is to have the sole and exclusive right to the use of said name and shall etch or brand the same upon the blades. It is also provided that Ralya "shall protect his patent from infringement and that nothing in this contract shall be construed to waive any right of manufacture now practiced or used by said party of the first part without payment of royalty."

The parts of the first paragraph of the complaint stricken out relate to a patent dated April 24, 1888, number 381,-

814, while the patent described in the written contract was dated May 31, 1887, and numbered 364,131. By the allegations stricken out, appellant sought to have said contract made to embrace the second patent, which was not issued until about a year after the contract was entered into and the saws made under which were named "Volcano."

There is no ambiguity in the terms of the contract. It refers exclusively to the patent for which application was then pending, which is described by the number and date of the application, and which patent when issued was dated May 31, 1887, and numbered 364,131. This is the patent which is referred to in the contract as "said letters patent" and "said letters patent and design." No reference is made in the contract to any other patent. Nothing in the contract gave appellee any right under any other patent than the one numbered 364,131 and appellee had no right or claim to .any other patent under said contract. It is not averred that there was any mutual mistake in the contract, nor is any reformation thereof asked for. There is no express allegation that the contract was even modified subsequently, in writing or orally, so as to embrace the second patent, but only that "by a common understanding and mutual consent the contract was construed and acted upon as covering and embracing all improvements made by John J. Ralya in the construction of cross-cut saws; and all rights, privileges, and benefits conferred by the second patent above mentioned inured by force and effect of said contract as construed by the parties thereto, to the sole and exclusive use of the defendant upon the terms and conditions of those of the original patent number 364,131; that the principles and devices of both patents were thereafter treated as being embraced in and covered by the terms of said contract, all of which was done under and by virtue of the construction of said contract placed thereon by the parties thereto while disclaiming any purpose of changing the terms and conditions thereof. That said John J. Ralya and

Ralya *v.* Atkins & Co.

said defendant, by common consent, entered upon the dis-
charge of their respective undertakings, in pursuance of
said contract as construed by them, and continually from
August 24, 1887, to the commencement of this suit, treated
all improvements in cross-cut saws made by said John J.
Ralya, whether embraced in said patents or not, as the prop-
erty of the defendant, and said defendant has manufactured
and sold certain cross-cut saws embodying the devices cov-
ered by both patents, and has by mutual consent given such
saws the name of 'Volcano.' "

These allegations cannot enlarge or change the construc-
tion of the written agreement. Whether said allegations
are sufficient to show an oral modification of the written
contract, or an.implied or express contract in regard to the
improvements in cross-cut saws covered by the second pat-
ent, we need not and do not decide, for the reason that such
is not the theory of this paragraph, such purpose being ex-
pressly disclaimed therein. This action is founded on the
contract in writing executed by the parties, and it is sought
to enforce the same as executed, not as modified by any oral
agreement, or otherwise. It is true that when the terms of a
contract are of doubtful or ambiguous meaning, the con-
struction placed on the same by the parties, by their conduct
and acts, may be shown for the purpose of arriving at their
true intention. The construction placed on such a contract
by the parties is entitled to great weight and may be con-
trolling. 17 Am. & Eng. Ency. of Law (2nd ed.) 23-25;
Bishop on Cont. (Enlarged ed.) §412; 1 Beach on Con-
tracts, §§721, 722; Clark on Contracts, p. 594; *Newpoint
Lodge, etc.,* v. *Town of Newpoint,* 138 Ind. 141, 146; *City
of Vincennes* v. *Citizens, etc., Co.,* 132 Ind. 114, 124, 16
L. R. A. 485; *Louisville, etc., R. Co.* v. *Reynolds,* 118 Ind.
170, 173; *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200,
212, 51 Am. Rep. 749; *Vinton* v. *Baldwin,* 95 Ind. 433,
436; *Reissner* v. *Oxley,* 80 Ind. 580, 584; *Johnson* v. *Gib-
son,* 78 Ind. 282, 284; *Aimen* v. *Hardin,* 60 Ind. 119, 122;

*Morris* v. *Thomas,* 57 Ind. 316, 322; *North Chicago, etc., R. Co.* v. *Sheldon,* 9 Wall. 50, 54, 19 L. Ed. 594; *Smith* v. *Board, etc.,* 6 Ind. App. 153, 159.

When, however, the contract is free from ambiguity and its meaning is clear, such rule is not applicable. 17 Am. & Eng. Ency. of Law (2nd ed.) 24, 25; 1 Beach on Cont., §722; Clark on Cont. p. 594; *Morris* v. *Thomas,* 57 Ind. 316, 322; *Newpoint Lodge, etc.,* v. *Town of Newpoint,* 138 Ind. 139, 146; *Philadelphia, etc., R. Co.* v. *Trimble,* 10 Wall. 367, 19 L. Ed. 948; *Davis* v. *Shafer,* 50 Fed. 764, 767, 768; *Spencer* v. *Millisack,* 52 Iowa 31, 2 N. W. 606; *Citizens Ins. Co.* v. *Doll,* 35 Md. 89, 107, 6 Am. Rep. 360, 369, 370; *St. Paul, etc., R. Co.* v. *Blackmar,* 44 Minn. 514, 518, 47 N. W. 172; *Rogers* v. *Colt,* 21 N. J. L. 704, 708, 712; *Stewart* v. *Lehigh Valley R. Co.,* 37 N.J.L. 53; *Baring* v. *Waterburry,* 10 N. Y. (App. Div.) 1, 7, 8, 41 N. Y. Supp. 612; *Hill* v. *Priestly,* 52 N. Y. 635, 636; *Garard* v. *Monongahela College,* 114 Pa. St. 337, 339, 340, 6 Atl. 701; *Arnold* v. *Farr,* 61 Vt. 444, 447, 448, 17 Atl. 1004; *Holston, etc., Co.* v. *Campbell,* 89 Va. 396, 397-400, 16 S. E. 274; *Davis* v. *Sexton,* 35 Ill. App. 407, 409, 410; *Smith Drug Co.* v. *Saunders,* 70 Mo. App. 221, 226, 227; *City of Cincinnati* v. *Gas Light, etc., Co.,* 53 Ohio St. 278, 285-288, 41 N. E. 239. In *Morris* v. *Thomas, supra,* p. 322, this court said: "If there was any obscurity, uncertainty or ambiguity in the terms of this contract, then the acts of the parties in connection therewith, as suggested by appellant's counsel would furnish valuable aid in the construction of the contract. But where, as in this case, the terms of the contract are plain, intelligible and free from doubt and uncertainty, rules of construction are unnecessary and of no possible service. In such a case, it is certainly not the province of the courts, by any rules of construction, to make another and entirely different contract for the parties from the one they made for themselves."

As was said by the Supreme Court of the United States

in *Philadelphia, etc., R. Co.* v. *Trimble,* 10 Wall. 367, on p. 377: "Where there is doubt as to the proper construction of an instrument, this feature of the case [the construction which the parties have themselves put upon it] is entitled to great consideration. But where its meaning is clear in the eye of the law, the error of the parties cannot control its effect."

It follows, therefore, that the allegations stricken out could not affect the construction of said contract, but were mere surplusage and unnecessarily encumbered the record. The court did not err, therefore, in sustaining appellee's motion to strike out parts of the first paragraph. What we have said in regard to the first error assigned disposes of the fourth assignment of error, which calls in question the action of the court in sustaining appellee's motion to strike out parts of the second paragraph of complaint.

The court overruled appellant's demurrers for want of facts to the fifth and sixth paragraphs of answer to the first paragraph of complaint, and each of these rulings is assigned for error. Each of said paragraphs was good as a general denial, and was sufficient, therefore, to withstand the demurrer thereto. Said paragraphs of answer did not profess to be pleas in confession and avoidance, and even if immaterial matter, mere surplusage, was alleged therein in addition to the general denial, this would not render said paragraphs insufficient. *Coble* v. *Eltzroth,* 125 Ind. 429, and cases of that class cited by appellant are therefore not in point. Said rulings were not erroneous.

It is insisted by appellant that the court erred in overruling the demurrer to the second paragraph of answer to the second paragraph of complaint. Said second paragraph of answer alleged facts showing that the contract sued upon had been rescinded upon the demand of appellant's decedent in his lifetime upon his claim that appellee had forfeited all its rights thereunder by its failure to perform its part of

said contract, and that upon said demand and claim appellee acceded to and acquiesced in said decedent's election to forfeit and rescind the same.  It is not material whether there had been any breach of said contract by appellee or whether appellant had the right to rescind the same on that account, for when a party, even without right, claims to rescind a contract, if the other party agrees to the rescission, or does not object thereto and permits it to be rescinded, the rescission is by mutual consent.  2 Parsons on Cont. (8th ed.) pp. * 677 * 678, bot. p. 793, 794; *Folsom* v. *Cornell,* 150 Mass. 115, 22 N. E. 705; *Alden* v. *Thurber,* 149 Mass. 271, 21 N. E. 312.  The general effect of a rescission of a contract is to remit both parties to their original rights in respect to the subject-matter thereof.  21 Am. & Eng. Ency. of Law 92-94; *Briggs* v. *Murtha,* 12 Phila. 179; *Raymond* v. *Bearnard,* 12 Johns. (N. Y.) 274, 7 Am. Dec. 317, 319; *Gillet* v. *Maynard,* 5 Johns. (N. Y.) 85, 4 Am. Dec. 329.

It is evident that when a contract is rescinded by mutual consent or otherwise, no action can be maintained for a breach thereof. 21 Am. & Eng. Ency. of Law 92-94; *Haldeman* v. *Chambers,* 19 Tex. 1, 51, 52; *Briggs* v. *Murtha, supra; Kinney* v. *Kiernan,* 49 N. Y. 164; *De Peyster* v. *Pulver,* 3 Barb. (N. Y.) 284; *Davis* v. *Street,* 1 Carr & P. 18, 19, 12 Eng. Com. Law 23, 24.  It follows that if said contract was rescinded as alleged, appellant could not recover thereon for anything that occurred before or after the rescission.

The third, fourth, and fifth paragraphs of answer to the second paragraph of complaint were good as general denials, and no error was committed in overruling the demurrers thereto.

The court did not err in sustaining a demurrer to appellant's second paragraph of reply to the second, third, fourth, and fifth paragraphs of answer to the second paragraph of complaint.  Said second paragraph of reply alleged that appellee was estopped by the written contract sued upon in

the complaint from asserting the defense alleged in each of said paragraphs of answer. Said second paragraph of answer alleged a rescission of the contract sued upon, and the third, fourth, and fifth paragraphs were only good as general denials. It is clear that the contract sued upon did not estop appellee from alleging its rescission or denying any breach thereof as alleged. Moreover, even if the court erred in overruling each of appellant's demurrers to the several paragraphs of answer filed in this cause, it affirmatively appears from the record that said errors were harmless. The record shows that at the close of appellant's evidence in chief, the jury, by direction of the court, returned a verdict for appellee.

The only evidence given was on behalf of appellant in support of his complaint on the issue formed by the general denial thereto. Appellee gave no evidence in the cause and therefore gave no evidence to sustain the paragraphs of answer to which demurrers were overruled. It is clear from the record that the failure of appellant to recover a judgment was not on account of any allegations in the answer to which demurrers were overruled, but on account of his failure to establish the allegations of his complaint. It is well settled that where a demurrer is overruled to a bad pleading, and the record affirmatively shows that the verdict and judgment are based upon another paragraph which is good, or when the facts alleged in said pleading are found to be untrue, that the ruling on such demurrer is harmless. Ewbank's Manual, §257. Here the record shows that the judgment against appellant was on account of his failure to establish the allegations of the complaint. The judgment in favor of appellee, therefore, does not rest upon any of the paragraphs of answer to which a demurrer was overruled.

Appellant offered in evidence certain letters written by appellee to John J. Ralya, appellant's decedent, prior to the execution of the contract sued upon, asking for information concerning his improvements in cross-cut saws. These let-

ters on objection of appellee were properly excluded by the court, for the reason that nothing contained therein was material to any issue in the cause. Even if they were a part of the previous negotiations which resulted in the contract sued upon, they were not admissible, for the reason that they must be regarded as merged in the final agreement. *Bever* v. *Bever,* 144 Ind. 157, 161; *Phillbrook* v. *Emswiler,* 92 Ind. 590, 592.

Letters written by appellee to John J. Ralya after the execution of the contract were offered in evidence by appellant, and on objection of appellee were excluded by the court. None of these letters on its face tended in the least to show any breach of the contract by appellee, or to establish any allegation of the complaint, nor was any offer or proposition made by appellant to introduce any evidence on the trial which would make any of said letters competent evidence to support the cause of action alleged in the complaint or any element or part thereof. Several of said letters were in regard to the second patent number 381,814 issued April 24, 1888, all reference to which had been properly stricken from the complaint on motion.

The second patent, number 381,814, dated April 24, 1888, issued to John J. Ralya was offered in evidence, and on objection of appellee was excluded. There was no error in this ruling. We have already held that the contract sued upon did not embrace said second patent, and have sustained the action of the trial court in striking out all reference thereto in each paragraph of the complaint. The fact, if it be a fact, that said letters patent and letters offered in evidence may prove or tend to prove a cause of action against appellee does not make them admissible in this action. The cause of action here is the breach by appellee of the written agreement sued upon, and not some other contract express or implied between said parties.

It was assigned as a cause for a new trial that the court erred in directing the jury to return a verdict for appellee.

Schrader *v.* State, *ex rel.*

Appellant insists that as the record discloses that appellee offered to pay $6.25 before the commencement of this action that said instruction was erroneous. As shown by the record, appellant gave in evidence a statement of what purported to be the total number of linear feet of saws, with the different names of the same, manufactured by appellee from May, 1887, when the contract was entered into, to the time of the trial. From this statement it does not appear that any saws covered by the first or second patent were manufactured by appellee.

Moreover, the bill of exceptions does not show that all the evidence given is in the record. It must be presumed, therefore, that other evidence given in the cause explained said offer by showing that it was made under such circumstances, and was of such a character, in the light of the other evidence, as not to tend in the least to show any indebtedness whatever in this action.

The rule is that where anything is left to conjecture all doubts will be solved in favor of the action of the trial court, and this court will adopt the presumption which upholds the judgment appealed from. Ewbank's Manual, §198; Elliott's App. Proc. §709.

Finding no available error in the record, the judgment is affirmed.