### RODENBERG v. DEZENDORF.
### No. 787.

Municipal Court of Appeals for the District of Columbia.

May 9, 1949.

Stephen G. Ingham, of Washington, D. C., for appellant.

Joseph Leo McGroary, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This is an appeal from a judgment of the Municipal Court on a jury verdict awarding to plaintiff $2,500 deposited by him with defendant under a contract between the parties for the purchase and sale of a valuable piece of real estate. The principal question for our decision is whether there was substantial evidence to support the verdict. Subsidiary questions involve the alleged errors of the trial court in admitting evidence which defendant below, appellant here, urges were prejudicial.

Plaintiff claimed at the trial that there was a rescission of the contract of purchase and sale by mutual agreement of the parties and hence that he was entitled to the return of his deposit. Defendant urged on the contrary that there was no rescission and therefore that the deposit was subject to forfeiture under a clause in the contract permitting such forfeiture at the option of the seller if the purchaser failed to make full settlement.

We believe there was ample evidence to support the action of the trial judge in refusing to direct a verdict for defendant and also to support the verdict of the jury for plaintiff. The original agreement under which the deposit was made was for the sale of the property for $80,000, all

cash, and called for settlement within 90 days from date with 30 days additional, contingent upon the payment of an additional deposit of $2,500. The last provision undoubtedly was waived by the parties. While this contract was still in force, the parties discussed the making of two different contracts in substitution for the old and the seller (defendant) signed an offer with the same deposit, and with part of the purchase price to be paid in cash and a part to consist of a second trust on the property. The purchaser (plaintiff) objected to some of the details of this offer and instructed the real estate agents who were conducting the negotiations to seek to have such proposed contract changed in some respects. One of these agents testified that during the discussion over these details defendant discovered he would have to pay more taxes on the transaction than he had contemplated and that thereupon defendant stated "Let's forget the whole deal." Plaintiff himself testified that he was informed the following morning that defendant "had changed his mind and would not sell the property" and that thereupon he told the real estate agents "Well, if the deal is off, let's forget it once and for all, and get my deposit back and call it a day." Several witnesses testified that there had never been· any discussion of a forfeiture of the deposit. On the contrary, one of the witnesses testified that during the negotiations defendant "said—he never used the word forfeiture —he said there would be no default. He said, 'We all went to school together. We are all friends.'"

■■ As already indicated, we believe this evidence sufficiently supports the jury's verdict. The rule of law with respect to rescission of contracts or abandonment by mutual consent has been stated by the late Chief Judge Richardson, speaking for this court, as follows: "'When a party, even without right, claims to rescind a contract, if the other party agrees to the rescission, or does not object thereto, and permits it to be rescinded, the rescission is by mutual consent. * * * It is evident that, when a contract is rescinded by mutual consent or otherwise, no action can be maintained for a breach thereof.' Ralya v. Atkins, 157 Ind. 331, 61 N.E. 726, 729. See also 13 C.J., Contracts, § 624 and 17 C.J.S., Contracts, § 389."[1]

■ The remaining assignments of error have to do with the admission into evidence of proposed but unexecuted contracts between the parties involving the same property and also testimony regarding the cost of the property to defendant affecting his possible tax liability if the transaction had been consummated. The record makes clear that such evidence was admitted solely as affecting the question of whether defendant had called the deal off and his reasons therefor. We conclude that for this purpose the evidence was admissible and hence that the trial court committed no error in this respect. Furthermore, we have read the transcript of the trial consisting of 199 pages and are convinced that both parties were given a fair trial.

Affirmed.

---

[1] Cooper v. Cooper, D.C.Mun.App., 35 A.2d 921, 923; see also 2 Restatement, Contracts, § 406, particularly comment b thereunder; Nickel v. Scott, D.C.Mun. App., 59 A.2d 206. No question as to the statute of frauds was raised in defendant's answer or in the trial court or here. Municipal Court rule 8(c), modeled upon rule 8(c), Federal Rules of· Civil Procedure, 28 U.S.C.A., requires that the statute of frauds must be affirmatively pleaded.