Drug Co. v. Saunders.

C. D. SMITH DRUG COMPANY, Defendant in Error, v. CLARENCE E. SAUNDERS, Plaintiff in Error.

### Kansas City Court of Appeals, April 5, 1897.

1. **Contract**: CONSTRUCTION: PROVISION FOR ASCERTAINING PROFITS OF PARTNERSHIP. Where a contract specifies in detail the method of ascertaining the net profits of a partnership and it does not mention that interest may be figured on book accounts as an item of expense to be charged against the gross income, but the language excludes such idea, it is error to allow such item of expense in ascertaining the net profits.

2. ———: ———: DOUBT: ACTION OF PARTIES: REFEREE'S FINDING. Where a contract is not clear and subject to different interpretations, the interpretation acted upon by the parties will prevail and the courts will sustain the finding of the referee adopting such interpretation; but where the contract is free from doubt the report of a referee, following the erroneous interpretation of the parties, will not bind the courts.

3. **Appellate and Trial Practice**: REFEREE'S REPORT: LAW AND FACTS. Where the referee and the trial court on agreed facts have announced the wrong conclusion of law, the appellate court will correct the error.

4. **Appellate Practice**: REFEREE'S FINDING: ABSTRACT FOR DIFFERENT FINDING. Where the appellant bases his appeal on the report of the referee and the finding of the trial court, in accordance with such report, but the respondent, by his abstract, undertakes to induce the appellate court into an investigation of the evidence, he should give a fair and impartial abstract of the evidence and not such portions as may suit the respondent, otherwise the appellate court will have no alternative but to enter such judgment on the referee's finding as the law may dictate.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*Vinton Pike* for plaintiff in error.

(1) The finding does affirmatively state that defendant's and plaintiff's transactions were controlled

by the written contracts set out in the answer; and if the contract of 1894 was, as alleged, a renewal of the contract of 1893, then the question is upon the construction of said contract. The fourth paragraph of the report necessarily implies that the contract for 1893 was renewed and continued for 1894. Defendant could not have been employed in 1894 under a contract made the following year. 28 Am. and Eng. Ency. of Law, p. 396, note 2. (2) The referee does not find a construction of the contract by conduct of the parties, but that their opinion coincided with his; that, as a matter of law, the contract authorized a charge of interest upon book accounts. He leaves us to conjecture what "book accounts" mean. (3) If the contract was not ambiguous, it was not competent for the parties to construe its meaning differently from what the court will construe it. Bish. on Con., sec. 412; 11 Am. and Eng. Ency. of Law, p. 518. If it were a case where the practical interpretation of the parties was admissible, the referee should have found the facts so that the court may determine whether they amount in law to an interpretation of the contract by conduct of the parties. Paying interest on book accounts for 1893 would not estop the defendant from refusing to pay in 1894. *Garard v. College*, 114 Pa. St. 337; *Stork v. Mesker*, 55 Mo. App. 35. (4) If the referee means that the contract for 1895 construes the contract of 1894, his conclusion is wrong, for the parties thought it necessary to include in the contract of 1895 a provision for interest on book accounts to justify such charge. The contract of 1895 expressly affirms the contract of 1894 as it was written. Any modification by "construction" was without consideration and not binding upon the parties. *Stork v. Mesker, supra; Bank v. Bank*, 58 Mo. App. 25; *King v. R'y*, 61 Minn. 482; *Patton v. Ganett*, 116 N. C. 847; *Isham*

*v. Therasson*, 30 Atl. Rep. 969.    (5) The items for insurance and drayage were not chargeable to the cigar department.    Defendant had no interest in the goods (*Wiggin v. Graham*, 51 Mo. 17), and therefore no insurable interest.    Insurance by the plaintiff was for its exclusive benefit.

*Johnson, Rusk & Stringfellow* for defendant in error.

(1) Plaintiff in error's exceptions to the report of the referee were properly overruled.    The uncontradicted testimony as well as the acts of the parties shows that a new contract was entered into for the year 1894, which permitted in express terms the charge of interest on capital employed in carrying book accounts. (2) Although the referee in his fourth finding with reference to the contract for the year 1894 was somewhat ambiguous in some of his expressions, he finds that the item of interest on capital employed in carrying book accounts was properly charged under the contract for the year 1894, as an expense, and said finding being amply sustained by the evidence, should not be disturbed.

ELLISON, J.—Plaintiff sued defendant on an account for $457.73.    Defendant answered by general denial and by setting up certain contracts STATEMENT.    between the parties whereby plaintiff employed defendant to take charge of plaintiff's cigar business at a salary of $1,600 per year and one third of the yearly profits of the business if any were realized.    The defendant performed the proper service under the contract beginning January 1, 1893, and quitting May 15, 1895.    The answer alleged that there were profits in the business for the year 1894 but that plaintiff by charging against said profits

improper matters of expense had made it appear that there were no profits. Defendant prayed that an account be taken of the matters relating to the questions in controversy.

The court referred the case to a referee who made his report, finding that there were no profits made; that defendant had been paid his salary as agreed upon and recommended judgment for the amount of plaintiff's claim. Defendant filed several exceptions to the report which were overruled by the court and judgment given for the plaintiff. Defendant has brought the case here.

The controversy relates primarily to three items charged as expense against the profits of the business for the year 1894 which added to items of expense not disputed leaves the business without a profit. These items are eight per cent interest on the outstanding book accounts amounting to $2,800, insurance amounting to $250, and drayage amounting to $240. Disallowing these items of expense the profits were $3,205. Allowing them the loss was $85.

The answer, as before stated, alleges and sets out the written contracts made between the parties for the years 1893 and 1895, and further alleges that the contract of 1893 was adopted by the parties and continued as the contract for the year 1894.

The contract for 1893 provided that plaintiff would give to defendant in addition to his salary of $1,600, one third "of the net profits of the cigar department if there be any" after taking an inventory. Further on the contract provided that in figuring the net profits, "eight per cent per annum on capital employed in carrying cigar stock be charged as expense to cigar department, the amount of the capital employed in carrying cigar stock to be reached by an inventory taken about July 1, 1893, and at the regular

inventory taken about January 1, 1894, these two inventories to be added together and divided by two which shall be regarded as the capital for carrying the stock of cigar department on which interest shall be figured."

The agreement of 1895, as set out in the answer, provided in figuring the net profit eight per cent interest should be charged on the capital employed in carrying the stock *"and accounts"* and be charged as expenses. It further provided in detail a plan of ascertaining the amount of accounts upon which interest was to be charged. This contract likewise especially provided for expense of "insurance at the rate of one per cent per annum for stock carried and shall pay $150 per annum for boxing and cartage." It will be noticed that the contract of 1893 alleged to have been continued for the year 1894 did not provide for charging either of the three items of expense in dispute and that the contract of 1895 did provide for charging each of these three items.

The referee's report is divided into paragraphs. He found that the defendant from January 1, 1893, to the fifteenth day of May, 1895, was engaged with the plaintiff *"under the contracts set out in defendant's answer."* (Italics ours.)

In the second and third paragraphs he found that there were no profits for the years 1893 and 1895. His fourth finding was as follows: "That for the year 1894 eight per cent interest on the net capital employed in the business amounted to the sum of $252; that this sum is made up of cigar stock in house only, $2,400, and interest on book accounts, $2,800. That during the said year the said business conducted under said contracts was at an expense of $240 for drayage and $250 for insurance, that charging said items of $2,800 on book accounts, $240 for drayage, and $250 for insurance, to

expense account there would be no profit for division for the year 1894, but a loss of $85; but disallowing said items of $2,800 interest on book accounts, $240 for drayage, and $250 for insurance, there would be a profit for the year 1894 of $3,205. I find that both parties to said contracts construed them to mean that interest should be charged upon book accounts. I so construe said contracts and find that said last mentioned three items should be charged to the expense account of the year 1894, and therefore find that there was no profit to be divided between the plaintiff and the defendant for the business of the year 1894 under said contract.''

It is evident from these findings that the referee found the contract of 1893 was continued and adopted as the contract for 1894 as alleged in the defendant's answer. He has, however, construed the contract of 1893 to mean that the three items in controversy should be deducted as expense from the profits of the business.

CONTRACT: construction: provision for ascertaining profits of partnership.

In this there is no doubt but that he erred. The contract of 1893, thus continued as the contract of 1894, points out in detail how the net profits shall be ascertained. In stating this detail the contract of 1893 not only does not mention that interest may be figured on accounts, but on the contrary the language as set out above excludes the idea that interest could be allowed on accounts.

In regard to the items of drayage and insurance the contract is not so certain. While it specifies different matters of expense it does not mention either of these items, yet it does specify that defendant was to receive "one third of the net profits." It may very well be said that the net profits would imply a deduction of the expense of drayage and insurance. At least it is a

——: ——: doubt: action of parties: referee's finding.

matter of some doubt as to what the parties meant. And since the referee has found that the parties themselves interpreted the contract as meaning that these two items were to be deducted as expense he was right in putting that construction on the contract. When a contract is not clear and is subject to different interpretations that interpretation acted upon by the parties will be adopted by the courts. *Sedalia Brewing Co. v. Waterworks*, 34 Mo. App. 49; *Gas Co. v. St. Louis*, 46 Mo. 121.

But since the referee also found that the parties put an interpretation on the contract as it related to charging interest, that interpretation being that the interest should be counted on the accounts as well as on the stock, it may appear inconsistent that we should approve of the referee's finding in the one instance and disapprove of it in the other. The difference in the two instances is this: In the case of charging insurance and drayage as expenses, the contract, as we have just held, is a subject of doubt as to its meaning, and the interpretation of the parties solves such doubt. But as to the question of charging interest on accounts the contract as written is free from doubt, and an erroneous interpretation by the parties will not control its meaning. It is only in doubtful cases that the action of the parties has that influence. *Citizens Ins. Co. v. Doll*, 35 Md. 107; *Vinton v. Baldwin*, 95 Ind. 436; *Sedalia Brewing Co. v. Waterworks, supra; Gas Co. v. St. Louis, supra.*

The foregoing observations and statements of the law brings the case down to this: The referee has found as a fact that the parties acted under, and were governed by the contracts stated in defendant's answer, that is to say, their relations in 1894 (the year in controversy) were governed by the contract of 1893.

APPELLATE and trial practice: referee's report: law and facts.

That being accepted as true, he and the trial court have pronounced the wrong conclusion of law on such fact. In such cases the error of law applied to the facts may be corrected here. *Goetz v. Piel*, 26 Mo. App. 634; *Lingelfelder v. Wainright*, 103 Mo. 578.

Defendant has practically based his appeal upon the report of the referee and his finding, together with the action of the trial court in pronouncing judgment as recommended by the referee. The plaintiff, however, presents us with an abstract of the evidence by which it is sought to show to us that the referee was justified in finding that the parties construed the contract for each year to include interest on accounts as a part of the expense. But as we have shown above, the referee was not authorized to overthrow the plain terms of the contract. Aside from this the abstract is not such as would permit us to enter into an investigation of the evidence. It is not a fair and impartial abstract. The cross-examination by plaintiff of defendant, who was a witness in his own behalf, is all that is presented of evidence for defendant. The abstract in its entirety shows upon its face that only such portions of the evidence as it suited plaintiff to present has been inserted.

APPELLATE practice: referee's finding; abstract for different finding.

Under the conclusion of law at which we have arrived, and in the state of the record, we have no other alternative than to reverse the judgment and to remand the cause with directions that the referee's report and finding as to the allowance of interest on accounts as matter of expense for the year 1894 be disapproved and that if the disallowance of such item leaves a profit for the year 1894 one third thereof be allowed defendant; that the difference between such one third of the profit and the sum due plaintiff is the true balance, and judgment be entered for such balance for the party in whose favor it may be. All concur.