# KANSAS CITY HYDRAULIC PRESS BRICK COMPANY, Respondent, v. C. H. PRATT, Appellant.

Kansas City Court of Appeals, November 6, 1905.

1. **TENANT IN COMMON: Authority to Bind: Improvements: Husband and Wife.** Where a party owns no interest in real estate he cannot bind the owner thereof for improvements, but if he is the husband of one of the co-tenants he may have authority to bind the tenants.

2. ———: ———: ———: **Agreement.** While a tenant in common may not bind his co-tenant for the cost of improvements, yet improvements made by agreement among them binds each tenant.

3. ——: ——: ——: ——. A contract set out in the opinion is construed and held with the accompanying evidence to give to the husband of one co-tenant authority to bind the others for improvements therein provided for.

4. ——: ——: Practice: Changing Cause of Action. An objection based on the rule that a plaintiff cannot sue on one cause of action and recover on another is held not well taken.

5. ——: ——: ——: Contract. Certain objections to a referee's report are held not-well taken; and, though an agreement may not make a co-tenant liable to a materialman, yet it may be evidence of the authority of another co-tenant to make improvements and thereby bind his co-tenants.

6. REFEREES: Practice: Law: Equity. Where the proceeding is in equity or involves a long account, the court may review the evidence and set aside the referee's finding; but where the action is at law the court is bound by the referee's finding of facts but not by his conclusions of law, which it may set aside and enter judgment for the other party.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*L. W. Keplinger* for appellant.

(1) So far as Pratt is concerned, and on the issue made by the petition and answer, there is no escape from the conclusion of the referee, that Pratt did not buy the brick sued for from plaintiff, nor did plaintiff sell, or deliver to Pratt the bricks sued for. Rules 46, 47, chap. 9, Dicey on Parties; Anderson v. Longdon, 1 Wheat. 85; Shear v. Mallory, 13 Johns. 497; 2 Whart. Cont., sec. 784; Bliss on Code Pldg., sec. 90. (2) Clearly this pleaded contract is not that in the referee's report. This part of the petition is unproven in substance and fact. 1 Chitty Pl., cited in Huston v. Tyler, 140 Mo. 263; 1 Greenleaf on Evidence (10 Ed.), sec. 66. (3) But if the contract recited in the report be held to be the identical contract pleaded, plaintiff is in no better case than if it were not the same contract. For plaintiff must still

recover on the allegations of its petition. R. S. 1899, sec. 4600; 4 Kent's Com., 367-368; 1 Washburn on Real Prop. (1 Ed.), 417; Boone on Real Prop., sec. 357; Peabody v. Minot, 24 Pick. 329; Harvey v. Cherry, 75 N. Y. 436; Thurston v. Dickinson, 2 Rich Eq. 317; Taylor v. Baldwin, 10 Barb., 582-625; McKinley v. Peters, III Pa. St. 283; Livingston v. Lynch, 4 John. Ch. 592; Porter v. McClure, 15 Wend. 187; Noyes v. Cushman, 25 Vt. 390; Boone on Real Prop., sec. 363; Donnell v. Harshe, 67 Mo. 170; Musser v. Brink, 68 Mo. 242, and 80 Mo. 350; Mastin v. Halley, 61 Mo. 196, loc. cit. 201; 2 Parsons on Contracts, sec. 2, ch. I, part 2. (4) And if all of the defendants were the joint owners of those lots, that fact would not authorize any one of them to recover of the others the price of something which he had bought on his own credit, and which he had never attached to the common, or joint property. He cannot charge the estate so as to bind it in the hands of a survivor, other than himself. 1 Wasb. Real Prop., 410; Screven v. Joyner, 1 Hill's S. C. Ch. R. 260; Stackable v. Stackpole, 32 N. W. 808; Noland v. Bolton, 25 Ga., 352; Chase v. Ewing, 51 Barb. (N. Y.), 597-612; Powder Co. v. Burkhardt, 7 Otto 110-117; Cooper v. Cooper, L. R. 8 Ch. App. 813-824. (5) The court has told us as follows: (a) "Defendant, Pratt, is liable in this case, because he agreed to be in the written agreement in controversy." (b) "I think the referee erred in his conclusions of law upon the evidence in the case." These are the reasons, if they can be called reasons. An opinion like this, written by the judge and filed, as his ground of action has been held equivalent to a declaration of law, or an instruction. Kimberlin v. Short, 24 Mo. App. 643; Hoffheimer v. Losen, 24 Mo. App. 652; Bliss on Code Pldg., sec. 241; Canal Co. v. Bank, 4 Den. 97: Wiggins Ferry Co. v. Railroad, 73 Mo. 420; Hardware Co. v. Wolter, 91 Mo. 488; Howard Co. v. Baker, 119 Mo. 397; Weber v. Collins, 139 Mo. 501. (6) This being a suit at law, not in equity, the findings of facts constitute a special verdict and can-

not be corrected by the court. Hardware Co. v. Wolter, 91 Mo. 484; Porter v. McClure, 15 Wend. (N. Y.) 187; Noyes v. Cushman, 25 Vt. 390; Woodward v. Cowing, 41 Me. 9.

*Botsford, Deatherage & Young* for respondent.

(1) The referee found that Stoops superintended the erecting of those buildings, and with Pratt's knowledge and without objection from him, ordered material for the construction of both buildings. In this way both parties placed their construction on the contract in question; there was no attempt by Pratt to arrest the work or to stop Stoops buying materials until the disagreement between them which culminated September 8, 1903, before which time plaintiff had sold and delivered all the material sued for. (2) The referee's report shows that Stoops did the work of superintending and buying until the parties fell out on September 8, 1903. There is nothing in the contract from which it can be argued that it was the intention of the parties to pay cash for material or labor. (3) It seems to us that the contract of these parties not only contemplated the use of their credit in the purchase of lumber and material, but that it involved a very extravagant and inflated credit, to say the least. (4) The report of the referee shows that in the meantime the Stoops had conveyed their one-half interest in the lots to Pratt, so that Pratt had become the full owner of the lots in question. (5) It is the settled law that where improvements are made by tenants in common, with the consent of all the co-tenants, they are all personally bound and the demand is a lien on all their shares. Ward v. Ward (W. Va.), 52 Amer. St. Rep., l. c. 918; Freeman on Co-tenancy (2 Ed.), sec. 262; O'Leary v. Roe, 45 Mo. App. 567. (6) Third persons may sue on contracts made for their benefit. Pratt, by his contract with his co-defendants, consented and agreed to the improvements and thereby promised to pay one-

half thereof. Lime and Cement Co. v. Wind, 86 Mo. App. 163; Rothwell v. Sturds, 156 Mo. 262; Thorn-Hunkins v. Bank, 158 Mo. 272; Devers v. Howard, 144 Mo. 671; Beatti v. Gerardi, 166 Mo. 142; School District v. Livers, 147 Mo. 580; Bethany v. Howard, 149 Mo. 504; Porter v. Woods, 138 Mo. 539.

BROADDUS, P. J.—This is an action brought against Charles H. Pratt, Sadie Stoops and Harry J. Stoops to recover the sum of $1,639.80 balance alleged to be due for brick furnished by the plaintiff company. The petition alleges the brick were bought in pursuance of a building contract entered into by and between defendant Pratt and the said Sadie and Harry J. Stoops. The former filed an answer denying all the allegations of the petition and the latter made default. In the agreement referred to Sadie and Harry J. Stoops are designated as parties of the first part and defendant Pratt as party of the second part. It reads as follows:

"Whereas, the said parties of the first part are owners of the following described lots, free and clear of all incumbrances, the south half of lot 18, and all of lots 19 and 20, block 1, King & Bouton's addition to Kansas City, Missouri, in consideration of twenty-five hundred dollars have sold, executed and delivered to C. H. Pratt, a warranty deed to the undivided one-half interest in and to the above described lots.

"It is agreed and understood by all parties to this agreement that they are to build, erect and construct on the above described lots two separate three-story buildings; one designed for and to contain six separate flats for residence purposes, and the other designed and to contain four separate flats, and two storerooms.

"Work to commence within ten days of this date, May 12th, and to be prosecuted as fast as possible.

"When the buildings are under roof a loan of about twenty thousand dollars, if it can be secured, shall be jointly made on said lots and buildings, and with this

money all bills for labor and material shall be first paid, and if any is left the next payments after houses are completed and paid for, shall pay off the balance not paid that has been advanced by said C. H. Pratt.

"The intention of this agreement is as follows:

"The ground and buildings are to be owned jointly and equally by the Stoops and Pratt, also the houses. Said Pratt is to furnish six thousand dollars to be put into the ground and advanced on buildings, until same are under roof, when loan is to be made, out of which he is to be paid the excess he has advanced on buildings.

"The cost of all material and all labor shall be kept separate, and each to share equally in paying for the same, and when buildings are completed and paid for equally, then they are to be owned jointly and equally by said Sadie and Harry Stoops one-half, and C. H. Pratt one-half."

The court appointed a referee who made a report and finding of facts, from which it appears that Pratt went with Harry Stoops to look at the brick in controversy. The latter superintended the work and with Pratt's knowledge and without objection from him, ordered material for the construction of both buildings. In August, Pratt and Stoops disagreed and on September 8th Pratt ordered Stoops to keep away from the premises and took charge of the construction. He told Stoops plaintiff could not have any more brick receipted for without his permission. The three-story apartment building was completed. The other building has not been completed, only a part of the excavation having been made. The brick furnished by plaintiff, except those used in building, and except those disposed of as hereafter stated, were left lying in the street at the place where they were delivered. Brick was also furnished by other parties.

In September, after all the brick had been delivered, plaintiff sold to another party one thousand of them, giving credit on his bill against Stoops for the amount.

Plaintiff demanded a settlement from the parties and threatened to file a lien for the bricks used in the building, whereupon Pratt paid plaintiff for those so used, the bill for which was made out against Stoops but presented to Pratt for payment. Pratt also used other brick besides those furnished by plaintiff, but before doing so obtained the latter's consent. All the brick so used were credited on the account. When plaintiff demanded payment of its account in full from Pratt, the latter requested it to remove the remainder.

The conclusion drawn by the referee was that plaintiff was entitled to recover from Harry J. Stoops the sum of $1,636.48 with interest at six per cent per annum from September 8, 1903. That the contract did not establish a partnership between the parties thereto in the construction of the building. That the contract did not authorize defendant Stoops to bind Pratt for the brick sued for. That plaintiff is not entitled to recover from defendant Pratt and Sadie Stoops. Both parties moved for judgment on the referee's report. That of plaintiff was sustained and defendant's overruled. The defendant Pratt appealed.

The case seems to depend upon the authority of Stoops, under the contract, to bind his co-defendants. It is primarily urged that, as he had no interest in the property he could have no such authority; but as he did have such interest, as the husband of Mrs. Stoops, his authority cannot be questioned on that ground. It is conceded that the parties to the contract did not constitute a partnership, but that they were tenants in common in the lots and buildings; and it is insisted that as each tenant is seized of his share in severalty, one tenant cannot bind his co-tenant for the cost of improvements. [4 Kent's Com., 367; Boone's Real Prop., secs. 357-362; Livingston v. Lynch, 4 John Ch. 592; Porter v. McClure, 15 Wend. 187; Noyes v. Cushman, 25 Vt. 363.] But as a matter of course, improvements may be made by agreement among such tenants, each tenant is bound

for the cost of such improvements—as he would be in any other case of contract.

If defendant Stoops had any authority to bind his co-defendants for the brick in question it was derived from the contract set out in the statement. It was therein agreed that buildings of a certain description should be erected on the lots mentioned; that the parties of the first and second part should *share equally in paying for the same;* that when the buildings were completed and paid for equally they were to be owned jointly and equally, viz., one-half by the Stoops and the other one-half by Pratt. The parties proceeded to carry out their contract and erected one building; but before the other was constructed Stoops and Pratt had a disagreement and the second building was never constructed. But before this disagreement plaintiff had delivered all the brick in controversy. It was shown that Stoops was superintending the construction and buying brick; that defendant Pratt went with him to examine plaintiff's brick; and that Pratt knew of the purchase of the same by Stoops and made no objection until after said disagreement when he declared that no more of plaintiff's bill would be receipted except by his consent. These facts, we think, are sufficient from which the court would be authorized to infer that the brick were purchased with the consent of Pratt. He knew that they were being bought for the purpose of carrying out the contract for building. It is impossible to read the record and come to any other conclusion.

Defendant has taken much pains to point out discrepancies between the said contract between himself and the Stoops and the one set out in the petition, and has cited numerous authorities to the effect that a plaintiff will not be allowed to sue on one cause of action and recover upon another and different one. The law in that respect is well settled. But the authorities cited have no application in this case for the reason that said contract is not the foundation for plaintiff's cause of

action. It was merely evidence going to support the cause of action alleged, viz., the sale and delivery of brick to the defendants.

Defendant takes exception to the reason given by the court for sustaining plaintiff's motion for a judgment, viz., that, "defendant Pratt is liable because he agreed to be in the written agreement in controversy;" and that the "referee erred in his conclusions of the law upon the evidence." It is insisted that Pratt was not made liable under said contract because there is nothing therein reciting any obligation whatever to plaintiff. That is true, and we do not think that any liability was created by said contract upon Pratt's part to plaintiff for the bricks in question. But the judgment of the court does not depend upon any such liability. But as we have seen that under its terms the parties to it agreed to build, which would necessarily create a liability for material, and as said Harry Stoops was entrusted with the duty of purchasing such material, the contract was his authority to bind his co-defendants, and not an obligation to plaintiff.

Complaint is further made that the court erred in disregarding the finding of the referee and rendering judgment for the plaintiff. The cause was not one involving a long account or an equitable proceeding in which the court could compel a reference, but an action at law. It was by agreement referred to H. L. McCune to hear and report fully both the law and the facts upon the issues joined. These, upon both the law and facts, were in favor of defendant. In cases where the matter is one in equity, or involving a long account, the court is authorized to review the finding of the referee on the facts. But in cases of this kind the finding of facts by the referee is the same in effect as the finding of a jury, and is binding on the court unless for good cause set aside. [Caruth-Byrnes Hardware Co. v. Wolter, 91 Mo. 484.] But the court may set aside the finding of the law by the referee, and enter judgment under a

different conclusion as to the law of the case on the finding as to the facts. This seems to have been done by the court. [Bank v. Miller, 73 Mo. 187; Lingenfelder v. Wainright, 103 Mo. 587; Gamble v. Gibson, 83 Mo. 290; Drug Co. v. Saunders, 70 Mo. App. 221.] Cause affirmed. All concur.